UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE STITH, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA, et al., <br><br> Defendants. | **1:23-cv-00947-ADA-GSA-PC** <br><br> **ORDER SEVERING PLAINTIFFS' CLAIMS AND DIRECTING CLERK'S OFFICE TO OPEN NEW CASES FOR PLAINTIFFS VICTORIA GREEN, TREMAINE CARROLL, JONATHAN ROBERTSON, FANCY LIPSEY, AND RAYSHAWN HART** <br><br> <u>**FORTY-FIVE-DAY DEADLINE**</u> **FOR ALL SIX PLAINTIFFS -- STITH, GREEN, CARROLL, ROBERTSON, LIPSEY, AND HART TO EACH FILE AN AMENDED COMPLAINT IN THEIR OWN SEPARATE CASE NOT EXCEEDING 25 PAGES TOTAL** <br><br> **ORDER FOR CLERK TO REFLECT ON THE COURT'S DOCKET THAT PLAINTIFFS GREEN, CARROLL, ROBERTSON, LIPSEY, AND HART HAVE BEEN TERMINATED FROM THIS CASE** |

**I.    BACKGROUND**

Plaintiffs, Charlene Stith, Victoria Green, Tremaine Carroll, Jonathan Robertson, Fancy Lipsey, and Rayshawn Hart (collectively, "Plaintiffs"), are state prisoners proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiffs filed the Complaint commencing this case on June 23, 2023.  (ECF No. 1.)  Each of the six Plaintiffs filed their own motion to proceed *in forma pauperis*.  (ECF Nos. 3, 4, 5, 6, 7, 8.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

Section 1915A makes no distinction between a prisoner proceeding *pro se* and a prisoner represented by counsel. Enriquez v. Cal. Dep't of Corr., 2023 U.S. Dist. LEXIS 91845, *1-3. Therefore, this Court will screen a prisoner plaintiff's complaint in either case. Id. (citing see, e.g., Johnson v. Hall, No. 2:19-cv-1752 KJN P, 2019 U.S. Dist. LEXIS 157066, 2019 WL 4392413, at *1 (E.D. Cal. Sept. 13, 2019) ("The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, regardless of whether plaintiff is presented by counsel"); Garcia v. Greenleaf, No. 2:16-cv-0269 DB P, 2017 U.S. Dist. LEXIS 44787, 2017 WL 1153039, at *1 (E.D. Cal. Mar. 27, 2017) (screening represented state prisoner's complaint in § 1983 action); Munoz v. California Department of Corrections, No. 1:16-CV-01103-LJO-MJS, 2016 U.S. Dist. LEXIS 149266, 2016 WL 6298533, at *1 (E.D. Cal. Oct. 27, 2016) (screening former state prisoner's complaint who is represented by counsel in § 1983 action)).

Screening of a prisoner's  complaint will occur whether the filing fee has been paid or the prisoner plaintiff is proceeding *in forma pauperis*. Id. (citing see In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) (the Prison Litigation Reform Act (PLRA) of 1996 requires federal district courts "to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is *pro se*, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners"); see also Pruitt v. Bobbala, No. 2:20-cv-0632 KJM AC P, 2023 U.S. Dist. LEXIS 33109, 2023 WL 2277540, at *1 (E.D. Cal. Feb. 28, 2023) (quoting same)).

///

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SEVERANCE OF CLAIMS

After reviewing the Complaint, the Court has determined that each Plaintiff should proceed separately on their own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party . . . [or] sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D. Cal. Nov. 6, 2006).

While the Ninth Circuit has not ruled on the issue of whether multiple prisoner plaintiffs are allowed to join under Rule 20 of the Federal Rules of Civil Procedure, or the issue of fee payment in a case filed by multiple prisoners, the United States Court of Appeals for the Eleventh Circuit addressed these issues in Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001), and found that prisoners may not join in one action. Mast v. Ridgeland Corr. Inst., No. 1:17-2038-MBS-SVH, 2017 U.S. Dist. LEXIS 151501, at *2-5 (D.S.C. Sep. 18, 2017). The Hubbard court reasoned that, because the plain language of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), requires each prisoner proceeding *in forma pauperis* to

pay the full filing fee, it was appropriate to sever the claims and require each prisoner to file a separate lawsuit. Id. (citing Hubbard, 262 F.3d at 1198). Even in light of more flexible holdings in other circuits regarding permissive joinder of multiple prisoner plaintiffs, see Hagan v. Rogers, 570 F.3d 146, 157 (3d Cir. 2009)[1]; Boriboune v. Berge, 391 F.3d 852, 855 (7th Cir. 2004),[2] this Court finds the analysis in Hubbard persuasive and shall decline to permit prisoner plaintiffs to join in one civil action. See id. Although Hubbard is an Eleventh Circuit case, it has been followed in the Ninth Circuit. Patterson v. Alstad, No. CV-21-00005-GF-BMM-JTJ, 2021 U.S. Dist. LEXIS 96020, at *1-2 (D. Mont. May 20, 2021) (*collecting cases*)[3]; also see Quintero v. Palmer, No. 3:13-cv-MMD-VPC (Dist. Nev. July 1, 2013), 2013 U.S. Dist. LEXIS 92831; Oldchief v. Birdrattler, No. CV 18-00092-GF-BMM-JTJ (D. Mont. July 5, 2018), 2018 U.S. Dist. LEXIS 140027.

It has been the practice in this District not to allow multiple prisoner-plaintiffs to proceed together in a single action. There are several reasons for this practice. First, 28 U.S.C. § 1915(b)(3) provides that "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." Oldchief, 2018 U.S. Dist. LEXIS 140027, at *3-4. This is true whether a plaintiff is proceeding *in forma pauperis* or paying the filing fee in full. Id. at *4. The Court in Hubbard reasoned that the permissive joinder rule in Rule 20 of the Federal Rules of Civil Procedure "actually conflicts" with the PLRA's requirement

---

[1] The Prison Litigation Reform Act of 1995 did not categorically preclude *in forma pauperis* prisoner plaintiffs from Rule 20 joinder. Hagan v. Rogers, 570 F.3d 146, 149 (3d Cir. 2009).

[2] Instead of adopting a no-joinder rule, the district court should have ensured that each of the four prisoners was assessed one full filing fee under 28 U.S.C. § 1915(b)(1). Boriboune v. Berge, 391 F.3d 852, 853 (7th Cir. 2004).

[3] See, e.g., Hegge v. Inslee, No. C20-6170-BJR-MLP, 2021 U.S. Dist. LEXIS 32769, 2021 WL 673503 (W.D. Wash. Feb. 22, 2021); Hicks v. Pastor, No. 319CV05674RJBDWC, 2019 U.S. Dist. LEXIS 191265, 2019 WL 5698803 (W.D. Wash. Oct. 3, 2019), report and recommendation adopted sub nom. Hicks v. Rembert, No. C19-5674 RJB, 2019 U.S. Dist. LEXIS 190945, 2019 WL 5693914 (W.D. Wash. Nov. 4, 2019), appeal dismissed sub nom. Hicks v. Pastor, No. 19-35957, 2019 U.S. App. LEXIS 38308, 2019 WL 6880011 (9th Cir. Nov. 27, 2019); Surrell v. Gilliard, No. 2:19-CV-0261-EFB P, 2019 U.S. Dist. LEXIS 29723, 2019 WL 916766 (E.D. Cal. Feb. 25, 2019) (unreported).

1  that prisoner-plaintiffs pay the full filing fee. Id.  The court concluded that, in the context of
2  prisoner cases, the later-enacted statute, 28 U.S.C. § 1915(b)(1), repeals the earlier-enacted rule.
3  Id.  Consequently, the Eleventh Circuit precluded multiple prisoner-plaintiffs from proceeding
4  under Rule 20.  Id. (citing see Hubbard, 262 F.3d at 1198; c.f. Hagan, 570 F.3d at 155 (having
5  each joined IFP litigant pay a full filing fee by installment harmonizes the PLRA with Rule 20
6  and § 1915(b)). Despite the contrary authority in Hagan, this Court believes that Hubbard
7  presents the stronger argument. Rule 20 is a permissive rule - plaintiffs may join their claims in
8  one action - while the financial scheme of the PLRA is mandatory in nature.  Patterson, 2021
9  U.S. Dist. LEXIS 96020, at *2-3.  Prisoner-plaintiffs must pay the full filing fee even if they are
10 granted leave to proceed *in forma pauperis*, however each prisoner-plaintiff in a multiple-
11 plaintiff action cannot be made to do so without running afoul of § 1915(b)(3)'s imperative that
12 the amount of the fee collected must not exceed the fee imposed for "commencement of a civil
13 action." Id.  If multiple prisoner-plaintiffs proceed together in one action and each pays the full
14 filing fee, the amount of the fees collected in that action will exceed the amount permitted by
15 statute for the commencement of a civil action.  Id.  If each plaintiff is required to pursue their
16 case alone, the amount of the fees collected in each action will never exceed the amount permitted
17 by statute for the commencement of a civil action.  Id.

18        Second, Rule 20 of the Federal Rules of Civil Procedure, which is the rule that allows
19 plaintiffs to join in this single action, is inherently permissive. Coston v. Conway, No. 9:19-CV-
20 1552 (GLS/ATB), 2020 U.S. Dist. LEXIS 131785, at *17 (N.D.N.Y. June 15, 2020)(citing Fed.
21 R. Civ. P. 20 (statute entitled "Permissive Joinder of Parties")). Rule 21 of the Federal Rules of
22 Civil Procedure underscores the permissive nature of Rule 20, providing courts the authority to
23 *sua sponte* or on motion "add or drop a party" at any time "on just terms." Id.  Accordingly, the
24 Court may sever claims at any time, including for reasons of judicial efficiency and fairness to
25 all parties.  See id. (citing see, e.g., Lopez v. City of Irvington, No. 05-CV-5323, 2008 U.S.
26 Dist. LEXIS 14941, 2008 WL 565776, at *2 (D. N.J. Feb. 28, 2008) ("Rule [21] may . . . be
27 invoked to prevent prejudice or promote judicial efficiency."); Steward v. Miss., No. 07-CV-
28 0184, 2007 U.S. Dist. LEXIS 94605, 2007 WL 4375210, at *2 (S.D. Miss. Dec. 12, 2007) (citing

the Court's inherent power to control its docket and Rule 21 as grounds for severing the claims asserted by multiple incarcerated plaintiffs); see also Wyndham Assocs. v. Bintliff, 398 F.2d 614, 618 (2d Cir. 1967) (construing Rule 21 as authorizing courts to sever claims for "sufficient other reasons" besides improper joinder under Rule 20)).

Third, Rule 21, allowing the court to sever Plaintiffs, is also discretionary. See id. at *1. Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court *may* at any time, on just terms, add or drop a party . . . [or] sever any claim against a party." Fed. R. Civ. P. 21. ; Oldchief, 2018 U.S. Dist. LEXIS 140027, at *2 (emphasis added).

Severance is warranted in this case even if the court did not adopt the decision in the Hubbard case because each of the separate plaintiffs will have individualized considerations which run contrary to the objectives of Rule 20.  Moreover, a prisoner complaint necessarily raises claims which require individualized screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  For instance:

**1-** each Plaintiff must have individually **exhausted** available administrative remedies.  The Prison Litigation Reform Act of 1996 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which imposes several restrictions on the ability of prisoners to maintain federal civil rights actions, expressly provides that, "[n]o action shall be brought with respect to prison conditions under [S]ection 1983 . . ., or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Coston, 2020 U.S. Dist. LEXIS 131785, at *15-17 (citing 42 U.S.C. § 1997e(a); see Ross v. Blake, 136 S. Ct. 1850, 1856, 195 L. Ed. 2d 117 (2016) (analyzing whether prisoner-plaintiff exhausted his administrative remedies pursuant to the PLRA's exhaustion requirement)). Section 1997e(a)'s exhaustion provision is mandatory and applies to all inmate lawsuits regarding the conditions of their confinement  Id. (citing see Ross, 136 S. Ct. at 1856; Woodford v. Ngo, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 524, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); Williams v. Corr. Officer Priatno, 829 F.3d 118, 122 (2d Cir. 2016)).  In the event a defendant establishes that an  inmate-plaintiff has failed to fully comply with the administrative exhaustion process prior to commencing an action in federal

court, the plaintiff's complaint is subject to dismissal. Id. (citing see Woodford, 548 U.S. at 93; see also Wilson v. McKenna, 661 F. App'x 750, 752 (2d Cir. 2016))  In the same way that each plaintiff in this action is required to separately comply with the filing fee requirements for commencing this action, each plaintiff is required to separately exhaust the available administrative remedies before commencing an action in federal court under the PLRA.  Id. (citing see, e.g., Lilly v. Ozmint, No. 07-CV-1700, 2007 U.S. Dist. LEXIS 49153, 2007 WL 2021874, at *2 (D. S.C. July 6, 2007) ("Just as payment of one fee does not cover multiple plaintiffs under the PLRA, exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for all the plaintiffs.  Each individual plaintiff is required to comply with the exhaustion requirement." (citing Porter, 534 U.S. at 524; Woodford, 548 U.S. at 90));

**2-** consideration of "**three strikes**" must be assessed as to each individual plaintiff.  Here, the Court has no information as to each plaintiff's status as a possible prisoner subject to the Three Strikes provision of the PLRA and/or a vexatious litigant.  The statute, 28 U.S.C. § 1915(g), limits to three the number of complaints or appeals filed *in forma pauperis* that were "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" (the so called "three strikes rule"). Oldchief, 2018 U.S. Dist. LEXIS 140027, at *7.  This language refers to the complaint or appeal as a whole; thus when a complaint or appeal is found to be "frivolous, malicious, or fails to state a claim upon which relief may be granted," all plaintiffs would incur strikes.  Id.  The statute does not impose strikes on a per-claim basis but on a per-case basis.  Id. (citing see 28 U.S.C. § 1915(g) (requiring district court to impose a strike when an "action" is frivolous, malicious, or fails to state a claim));

**3**- after severance, each plaintiff will have to consider what **monetary damages** they believe they are separately entitled to seek as a result of their individual claims.  Here, the Plaintiffs have requested unspecified monetary damages including punitive damages.  (Complaint, ECF No. 1 at 38.)  In individual cases, each Plaintiff will be more fully able to address the extent of their claimed damages according to their own specific alleged facts uncomplicated by the addition of other Plaintiffs who will be doing the same, a situation inherent with the risk of confusion and delay.

**4**- Finally, screening in and of itself is an individualized task, and the screening of a multiple-plaintiff case causes an undue consumption of time and likely confusion.  The joinder of multiple Plaintiffs with varying factual allegations "does not promote judicial economy and confuses and complicates the issues" because there are questions of fact and causation unique to each of their alleged injuries.  Milton v. State, No. 21-cv-08545-JST, 2022 U.S. Dist. LEXIS 232718, at *9 (N.D. Cal. Dec. 28, 2022)

## IV.   CONCLUSION AND ORDER

In short, the court concludes that the interests of the parties, as well as the interests of justice, will be best served if this jointly filed case is severed into separate actions under Federal Rule of Civil Procedure 21, individualized for each plaintiff.  Ofori v. Clarke, Civil Action No. 7:18-cv-00587, 2019 U.S. Dist. LEXIS 155384, at *12-13 (W.D. Va. Sep. 12, 2019).

The court is not addressing the merits of any of the claims at this time.  Instead, the court will give each plaintiff in this case an opportunity to file an amended complaint. Id. This amended complaint must be a new pleading, complete in all respects, which stands by itself without reference to any prior complaint or attachments. Id. The claim(s) set forth in the amended document must arise out of the same transaction, occurrence, or series of transactions or occurrences, and the claim(s) must contain a question of law or fact common to all defendants. Id. It must also state facts about the conduct undertaken by each specific defendant in alleged violation of plaintiff's constitutional rights. Id.

Therefore, Plaintiffs' claims shall be severed.  Plaintiff Charlene Stith shall proceed as the sole plaintiff in this case, and a new case shall be opened for each of the other five Plaintiffs.  Each Plaintiff shall be solely responsible for prosecuting their own case.  To ensure that each case goes forward with only the claims of a single Plaintiff, each Plaintiff shall be given 45 days to file an amended complaint containing only the allegations relevant to that Plaintiff's claims for relief. If Plaintiffs wish to proceed with their respective actions, each amended complaint form must be filled out and submitted to the Court.

Each Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555); Moss, 572 F.3d at

969.  The mere possibility of misconduct falls short of meeting this plausibility standard.  <u>Iqbal</u>, 556 U.S. at 679; <u>Moss</u>, 572 F.3d at 969.  Each amended complaint must specifically state how each named Defendant is involved.  Each Plaintiff must demonstrate that each Defendant *personally* participated in the deprivation of his own rights.  <u>Jones</u>, 297 F.3d at 934 (emphasis added).

**Each of the Plaintiffs' First Amended Complaints may not exceed 25 pages, including the pages in the form complaint and any exhibits.**  Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Id.</u>  The federal rules contemplate brevity.  <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

The original Complaint in this case is 40 pages in length, likely due to there being multiple Plaintiffs.  Rule 8(a) requires plaintiffs to set forth their claims in short and plain terms, simply, concisely, and directly.  <u>See</u> <u>Swierkiewicz v. Sorems N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. The Court (and each defendant) should be able to read and understand Plaintiff's pleading within minutes.  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179–80 (9th Cir. 1996).

Plaintiffs should note that although they have been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated claims.

Finally, Plaintiffs are advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

involvement of each defendant must be sufficiently alleged. Each amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff Charlene Stith shall proceed as the sole plaintiff in this case;
2. The claims of Plaintiffs Victoria Green, Tremaine Carroll, Jonathan Robertson, Fancy Moore Lipsey, and Rayshawn Hart are severed from the claims of Plaintiff Charlene Stith;
3. The Clerk of Court is directed to:
    a. Open a new § 1983 civil case for each of the five remaining Plaintiffs, Victoria Green, Tremaine Carroll, Jonathan Robertson, Fancy Moore Lipsey, and Rayshawn Hart (each plaintiff is represented by the same counsel, Joseph Virgilio, 5850 Canoga Park, Suite 400, Woodland Hills, California 91367);
    b. Randomly assign each new civil action to a Magistrate Judge according to the Court's usual assignment of civil cases;
    c. File and docket a copy of this order in this case and in each of the five new cases opened for Plaintiffs Victoria Green, Tremaine Carroll, Jonathan Robertson, Fancy Moore Lipsey, and Rayshawn Hart;
    d. Place a copy of the original Complaint (ECF No. 1), which was filed on June 23, 2023, in each of the five new cases;
    e. Place a copy of the appropriate *in forma pauperis* application filed by Plaintiffs Tremaine Carroll (ECF No. 3), Victoria Green (ECF No. 4), Rayshawn Hart (ECF No. 5), Fancy Moore Lipsey (ECF No. 6), and Jonathan Robertson (ECF No. 7), into the new civil actions opened for each of them;
    f. Issue:

    (1) new case documents bearing the new case number assigned to the individual action;

    (2) a civil rights complaint form;

4. Within forty-five (45) days of the date of service of this order, each of the six Plaintiffs -- Charlene Stith, Victoria Green, Tremaine Carroll, Jonathan Robertson, Fancy Moore Lipsey, and Rayshawn Hart -- SHALL FILE a new amended complaint, or a notice of voluntary dismissal bearing their own case number;

5. No requests for extension of time will be granted without a showing of good cause. A Plaintiff's failure to comply with this order will result in dismissal of that Plaintiff's individual action; and.

6. Each amended complaint should be clearly and boldly titled "First Amended Complaint," reflect the case number of the individual Plaintiff's case, and be an original signed under penalty of perjury.

IT IS SO ORDERED.

Dated: **June 28, 2023**    **/s/ Gary S. Austin**
                UNITED STATES MAGISTRATE JUDGE