THE JUSTICE FIRM
Joseph Virgilio, Esq.   SBN: 139376
5850 Canoga Avenue, Suite 400
Woodland Hills, California 91367
Telephone:          (310) 914-2444
Email:          *justicefirmlaw@gmail.com*

Attorney for Plaintiff
Rayshawn Hart

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| RAYSHAWN HART,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR), OFFICER SOUSA, ACTING WARDEN MICHAEL PALLARES, and DOES 1 to 30,<br><br>            Defendants. | Case No.: 1:23-cv-00977-JLT-BAM<br><br>FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (42 U.S.C. § 1983); DEMAND FOR JURY TRIAL |

---

COMES NOW, Plaintiff, Rayshawn Hart, and complains and alleges against Defendants, and each of them, as follows:

## INTRODUCTION

The claims in this Complaint are predicated on allegations of civil rights violations, including repeated sexual assaults, perpetrated against multiple inmates, including but not limited to, Plaintiff, Rayshawn Hart, at the Central California Women's Facility ("CCWF") in Chowchilla, California.

## JURISDICTION & VENUE

1. Original jurisdiction is vested in this Court in that it has original jurisdiction of federal claims under 28 U.S.C.§ 1331 (arising under the United States Constitution) and § 1343(a)(3) (in that the claims are brought to address deprivations, under color of authority, of rights, privileges, and immunities secured by the United States Constitution).

2. This district has proper venue under 28 U.S.C. § 1391(b) as the Defendants are located in the Eastern District of California and the acts and/or omissions stated herein occurred in the Eastern District of California.

3. The Fresno Division of the Eastern District of California is proper pursuant to E.D. Cal. L.R. 120(d) as the claims asserted herein arise from acts and/or omissions which occurred in the County of Madera.

## COMPLIANCE WITH EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. As a California inmate serving time in California State Prison and filing a First Amended Complaint for Civil Rights Violations pursuant to 42 U.S.C. 1983, Ms. Hart was required to exhaust her administrative remedies through the California Department of Corrections and Rehabilitation (CDCR) Grievance Procedure (hereinafter 602). Ms. Hart did in

fact, complete the grievance procedure with the CDCR, under which Ms. Hart was denied relief after consideration at the highest administrative level.

## PARTIES

5. At all times relevant hereto, Plaintiff, Rayshawn Hart, is a resident of the County of Madera, California.

6. Defendant, State of California, is, and at all times material herein employed all individual Defendants in this action, and all individual Defendants acted within the course and scope of their employment.

7. Defendant, California Department of Corrections and Rehabilitation (CDCR), is and was an agency of the State of California.

8. Defendant, Acting Warden Michael Pallares, at all times relevant hereto was the acting Warden at CCWF, located in Chowchilla, California. At all times relevant hereto, Warden Pallares was acting within the course and scope of his employment and under color of state law at all times. Warden Pallares is being sued in his individual capacity.

9. Defendant, Officer Sousa , first name unknown, at all times material herein was, a Correctional Officer employed by the State of California at CCWF and acting within the course and scope of his employment and under color of state law. Mr. Sousa  is sued in his individual capacity.

10. Plaintiff is without sufficient information at this time to specifically identify those Defendants named fictitiously herein as DOES 1 to 30. Plaintiff reserves the right to amend this First Amended Complaint once those persons' identities become known.

11.  Plaintiff is informed and believes and thereon alleges that the Defendants, and each of them, are the agents, employees, servants or joint venturers of one another and the acts

and omissions which form the basis of this First Amended Complaint were committed or omitted in the course and scope of said agency, employment, servitude or joint venture.  Plaintiff is further informed and believes and thereon alleges that at all times relevant hereto, the individual defendants were the employees, agents or servants of the CDCR and were acting within the course and scope of their employment and under color of state law.

12.     Plaintiff is further informed and believes and thereon alleges that at all times relevant hereto, the acts and omissions which form the basis of this First Amended Complaint were committed or omitted in the furtherance of a policy, custom or usage at CCWF and/or CDCR.

## GENERAL ALLEGATIONS

13.     At all times relevant herein, all wrongful and unlawful acts described herein were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

14.     The California Department of Corrections and Rehabilitation ("CDCR"), its officers and employees have a duty to prevent sexual misconduct with inmates.  Sexual contact between CDCR employees and inmates is strictly prohibited.  The CDCR has an obligation to protect its inmates from sexual misconduct from the staff and take reasonable measures to prevent sexual violence.  The CDCR, adopted a Prison Rape Elimination Act Policy ("PREA"), which declares that CDCR has "zero tolerance for sexual violence, staff sexual misconduct and sexual harassment in its institutions," and that all "sexual violence, staff sexual misconduct, and sexual harassment is strictly prohibited." See Department of Corrections and Rehabilitation Operations Manual, Article 44, Section 54040.1 "Policy".

15.     CDCR's PREA definitions provide that the "legal concept of 'consent' does not exist between staff and offenders; any sexual behavior between them constitutes sexual misconduct and shall subject the staff member to disciplinary action and/or to prosecution under the law." See Section 54040.3, "Definitions".

16.     All correctional officers at CCWF are required to report "immediately and confidentially to the appropriate supervisor any information that indicates an offender is being, or has been the victim of sexual violence, staff sexual misconduct, or sexual harassment." See Section 54040.7.

17.     Correctional staff employees who observe or receive information which would lead a reasonable person to believe sexual misconduct has occurred must immediately report the information or incident.  Failure to so report can lead to employee disciplinary action.

18.     Ms. Hart alleges that at various and repeated times in late 2022 while she was an inmate at CCWF, various CCWF employees, officers and other CDCR employees, including, but not limited to, Officer Sousa  and Warden Pallares, forced, coerced, intimidated and threated Ms. Hart that if she did not perform sexual acts with those men that they would take punitive action against her including, but not limited to, placing her in solitary confinement or (Ad Seg), or other punitive and uncomfortable punishments.

19.     Ms. Hart alleges that the threats made by the individual Defendants against Ms. Hart were all part of a custom, practice or policy that existed at the time at CCWF.

# FIRST CLAIM FOR RELIEF

## CIVIL ACTION FOR DEPRIVATION OF RIGHTS PURSUANT TO 42 U.S.C. § 1983

**(A) "Cruel and Unusual Punishment/Excessive Force"**

*As Against Defendants Mr. Sousa, Warden Pallares and Does 1 through 10.*

20. Ms. Hart re-alleges and incorporates by reference paragraphs 1 through 19, as though fully set forth herein.

21. Defendants, Mr. Sousa and Warden Pallares deprived Ms. Hart of her rights under the Eighth Amendment to the U.S. Constitution, when they physically and/or sexually assaulted Ms. Hart while she was serving a prison sentence at CCWF. Defendants' conduct constituted cruel and unusual punishment and excessive force.

22. The Defendants, and each of them, used and abused their positions of authority as employees at CCWF to control Ms. Hart's movements within CCWF and at all times acted under color of law and without any penological justification.

23. The Defendants touched Ms. Hart in a sexual manner on multiple occasions and engaged in sexual conduct for their own sexual gratification. The Defendants performed these acts for the purpose of humiliating, degrading and demeaning Ms. Hart. The acts occurred during the year 2021.

24. As a direct and proximate result of said acts by Defendants, Ms. Hart suffered injuries and damages as alleged herein and to which Ms. Hart is entitled to recover damages for past and future medical and psychological care, past and future pain and suffering, past and future mental and emotional distress, costs and attorneys' fees.

25. The acts of Defendants constituted oppression, fraud and/or malice thereby entitling Ms. Hart to an award of exemplary and punitive damages as against these Defendants according to proof.

## SECOND CLAIM FOR RELIEF

**CIVIL ACTION FOR DEPRIVATION OF RIGHTS PURSUANT TO 42 U.S.C. § 1983 (B) "Right to Bodily Integrity"**

*As Against Defendants Mr. Sousa, Warden Pallares and Does 1 through 10.*

26. Ms. Hart re-alleges and incorporates by reference paragraphs 1 through 25, as though fully set forth herein.

27. Defendants, and each of the, deprived Ms. Hart of her rights under the Fourteenth Amendment to the U.S. Constitution, when they physically and/or sexually assaulted Ms. Hart while she was serving a prison sentence at CCWF. Defendants' conduct violated Ms. Hart's right to bodily integrity.

## THIRD CLAIM FOR RELIEF

**CIVIL ACTION FOR DEPRIVATION OF RIGHTS PURSUANT TO 42 U.S.C. § 1983 (C) "Failure to Protect"**

*As Against Defendants State of California, California Department of Corrections and Rehabilitation (CDCR), Acting Warden Michael Pallares, and Does 11 through 20.*

28. Ms. Hart re-alleges and incorporates by reference paragraphs 1 through 27, as though fully set forth herein.

29. Defendants, Warden Pallares, State of California and CDCR, did not properly investigate prior claims of sexual harassment, physical and sexual assaults committed against inmates by Defendants at CCWF.

30. The failure to properly investigate prior claims of sexual harassment, physical and sexual assaults committed against inmates by Defendants at CCWF was done with clear disregard for Ms. Hart's rights under the Eighth Amendment that Ms. Hart be physically protected while incarcerated.

31. The Defendants made intentional decisions with respect to the co-defendants that allowed them to have unmonitored access to areas not subject to video surveillance or other monitoring which would have protected Ms. Hart and other inmates from being subjected to physical and sexual assaults. These decisions and conditions put Ms. Hart at substantial risk of suffering serious harm and Ms. Hart did in fact suffer serious harm.

32. By not properly investigating prior claims of physical and sexual assault, and by allowing access to unmonitored locations within the prison, particularly the BPH Office, Defendants' acts and omissions were a proximate cause of Ms. Hart's injuries.

33. As a direct and proximate result of said acts and/or omissions by Defendants Warden Pallares, State of California and CDCR, Ms. Hart suffered injuries and damages as alleged herein and to which Ms. Hart is entitled to recover damages for past and future medical care, past and future pain and suffering, past and future mental and emotional distress, costs and attorneys' fees.

34. The aforementioned acts and/or omissions of said Defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of Ms. Hart, thereby entitling Ms. Hart to an award of exemplary and punitive damages as against Warden Pallares according to proof.

## FOURTH CLAIM FOR RELIEF

## CIVIL ACTION FOR DEPRIVATION OF RIGHTS PURSUANT TO 42 U.S.C. § 1983 (D) "Supervisory Liability"

*As Against Defendants State of California, California Department of Corrections and Rehabilitation (CDCR), Acting Warden Michael Pallares, and Does 11 through 20.*

35. Plaintiff Ms. Hart re-alleges and incorporates by reference paragraphs 1 through 34, as though fully set forth herein.

36. Defendants, State of California, CDCR, and Warden Pallares ("Supervisory Defendants") and Does 11 through 20, were acting under color of state law during all times relevant to this action.

37. By incarcerating, taking custody and assuming control over Ms. Hart, the Supervisory Defendants created a special relationship that required them to assume affirmative duties of care and protection of Ms. Hart.

38. The Supervisory Defendants, recklessly and with conscious disregard to known and obvious risks to Ms. Hart's safety, failed to protect Ms. Hart and other inmates from pervasive physical and sexual assaults in the following ways:

    a. by hiring and continuing to employ prison personnel in positions that allowed unsupervised and unmonitored access to inmates even though the supervisory defendants had knowledge that correctional officers were committing sexual harassment, sexual assault and rape of inmates in unmonitored locations;

    b. by failing to take any precautionary measures to address the known and ongoing problem of sexual abuse and misconduct by correctional officers at CCWF;

    c. by failing to install and maintain a video surveillance system in each and every location where inmates are present and that correctional officers have access to;

    d. by failing to review and have their subordinates review live video feeds of locations through CCWF that have video surveillance to monitor whether correctional officers are taking inmates into unmonitored locations;

    e. by failing to properly train, supervise, investigate and discipline offending CDCR staff and employees when the Supervisory Defendants knew that inmates had made complaints against staff and employees were violating CDCR's PREA policies;

    f. by failing to investigate and terminate offending CDCR staff and employees, even though inmates had submitted complaints against offending staff and employees alleging sexual misconduct committed at CCWF; and,

    g. by allowing offending staff and employees to be assigned to BPH at CCWF even though inmates had complained of sexual misconduct and sexual assaults when the Supervisory Defendants knew that BPH allowed offending staff and employees, including Defendant Mr. Rodriguez, to have unmonitored access to inmates at CCWF.

  39. This conduct amounts to deliberate indifference to the rights of Ms. Hart and other inmates and shocks the conscience.

  40. The Supervisory Defendants knew correctional officers were engaging in these acts and knew the conduct would deprive Ms. Hart and others of their rights.

  41. The aforementioned acts and/or omissions of said Defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of Ms. Hart, thereby entitling Ms. Hart to an award of exemplary and punitive damages as against Warden Pallares according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Hart seek judgment as follows:

    1.    For an award of compensatory, general and special damages against Defendants according to proof at trial;

    2.    For an award of exemplary/punitive damages against the individual Defendants, and each of them, all in an amount according to proof at trial but in any event within the jurisdiction of this Court;

    3.    For an award of actual damages, treble damages, civil penalties and any other available relief against all Defendants where allowed by law;

    4.    For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988 and any other statute that may be applicable; and,

    5.    For an award of any other relief, as the Court deems fair, just and equitable.

DATED:    August 14, 2023        THE JUSTICE FIRM

By: _____
Joseph Virgilio, Esq.
Attorney for Plaintiff Rayshawn Hart.

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Ms. Hart.

DATED:        August 14, 2023                        THE JUSTICE FIRM

By: _____
Joseph Virgilio, Esq.
Attorney for Plaintiff Rayshawn Hart.