UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ROBERTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 1:23-cv-00975 KES GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT'S MOTION TO DISMISS SHOULD NOT BE GRANTED<br><br>(ECF No. 34)<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, A RESPONSE TO DEFENDANT'S MOTION TO DISMISS DUE **JULY 5, 2024** |
| FANCY MOORE LIPSEY<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 1:23-cv-00976 KES GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT'S MOTION TO DISMISS SHOULD NOT BE GRANTED<br><br>(ECF No. 31)<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, A RESPONSE TO DEFENDANT'S MOTION TO DISMISS DUE **JULY 5, 2024** |

| | |
|---|---|
| CRYSTAL GRAHAM,<br><br>          Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>          Defendants. | No. 1:23-cv-01323 KES GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT'S MOTION TO DISMISS SHOULD NOT BE GRANTED<br><br>(ECF No. 24)<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, A RESPONSE TO DEFENDANT'S MOTION TO DISMISS DUE **JULY 5, 2024** |
| ROXANNE PURDAGONE,<br><br>          Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>          Defendants. | No. 1:23-cv-01324 KES GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT'S MOTION TO DISMISS SHOULD NOT BE GRANTED<br><br>(ECF No. 21)<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, A RESPONSE TO DEFENDANT'S MOTION TO DISMISS DUE **JULY 5, 2024** |

Plaintiffs in the above-referenced cases are state prisoners who have filed civil rights actions seeking relief under 42 U.S.C. § 1983. All Plaintiffs are represented by the same counsel. The matters were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court are Defendant Pallares' motions to dismiss in the above-referenced cases. For the reasons stated below, Plaintiffs will be ordered to show cause why Defendant's motions to dismiss filed in each of these cases should not be granted. In the alternative, Plaintiffs may file and serve either oppositions or statements of non-opposition to Defendant's motions to dismiss in each case. Plaintiffs will be given thirty days to take either course of action.

I.   RELEVANT FACTS

In each of the above-referenced matters, Defendant Pallares has filed a motion to dismiss.

The motions were all filed on April 3, 2024.  See Robertson, ECF No. 34; Lipsey, ECF No. 31; Graham, ECF No. 24; Purdagone, ECF No. 21.  At that time, because Plaintiffs are represented by counsel, hearings for the motions were calendared before the district judge who presides over these matters.  Shortly thereafter, on or around April 10, 2024, the district judge vacated the hearing dates in each of the cases and ordered that Defendant's motions be submitted on the papers.

To date, Plaintiffs have not filed responses to Defendant's motions to dismiss.  The time for Plaintiffs to do so has passed, as has the period for Defendant to file replies in these matters.  Therefore, technically, Defendant's motions to dismiss should be deemed fully briefed and submitted to the Court for its review.

II.   DISCUSSION

Local Rule 230(b)-(d) governs the hearing of motions filed by prisoner parties when they are proceeding with counsel.  Although the rule directs that motions filed with the Court be heard in court via oral argument, the district judge assigned to these matters has directed that Defendant's motions be submitted on the papers.  Therefore, the Court still uses the guidelines under Local Rule 230(b)-(d) when determining herein the timely filings of the parties' motions and responses thereto.

When Defendant filed his motions to dismiss on April 3, 2024, they were to be set for hearing no less than twenty-eight days after filing and service.  Local Rule 230(b).  Consistent with this rule, the hearings on Defendant's motions were calendared before the district judge for May 13, 2024, in each of the above referenced cases.  See Robertson, ECF No. 34; Lipsey, ECF No. 31; Graham, ECF No. 24; Purdagone, ECF No. 21.

Local Rule 230(c) directs that any opposition or statement of non-opposition to the granting of motions be in writing and be filed and served no less than fourteen days before the noticed hearing date.  Based on this rule, Plaintiffs' oppositions, or statements of non-opposition, should have been filed and served by April 29, 2024.  Thereafter, Defendant's replies were due seven days before the previously calendared hearing date, or on May 6, 2024.  Local Rule 230(d).

More than five weeks have now passed since the deadline for Plaintiffs' response to

Defendant's motions to dismiss, yet Plaintiffs have not filed either oppositions or statements of non-opposition with the Court.  Therefore, each Plaintiff will be ordered to show cause why Defendant's motion to dismiss in each of their respective cases should not be granted.  As an alternative to filing the showings of cause, Plaintiffs may file either oppositions or statements of non-opposition to Defendant's motions to dismiss.  Should Plaintiffs opt to file oppositions to Defendant Pallares' motions to dismiss, each filing, when warranted, *should be unique to each Plaintiff's allegations* as they relate to Defendant Pallares.  Plaintiffs will be given thirty days to take either course of action.

The Court also notes that Plaintiffs are represented by counsel who should be readily familiar with the Local Rules of this Court.  **Counsel for Plaintiffs is put on notice that, absent good cause, no extensions of time to comply with this order will be granted.**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs in the following cases are ORDERED TO SHOW CAUSE why Defendant Pallares' motions to dismiss should not be granted:

- Robertson v. State of California, No. 1:23-cv-00975 KES GSA;
- Lipsey v. State of California, No. 1:23-cv-00976 KES GSA;
- Graham v. State of California, No. 1:23-cv-01323 KES GSA, and
- Purdagone v. State of California, No. 1:23-cv-01324 KES GSA.

2. As an alternative to Plaintiffs filing showings of cause in these matters, they may either file oppositions or statements of non-opposition to Defendant's motions to dismiss;

3. If Plaintiffs file oppositions to Defendant's motions to dismiss, the oppositions filed *must – when applicable – be unique to each Plaintiff's allegations* as they relate to Defendant Pallares, and

4. Plaintiffs shall have thirty days – or until **July 5, 2024** – to take either course of action.

**Plaintiffs are cautioned that absent exigent circumstances, requests for extensions of time will not be granted.**

4

IT IS SO ORDERED.

Dated:  **June 5, 2024**                              **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE