THE JUSTICE FIRM
Joseph Virgilio, Esq.   SBN: 139376
5850 Canoga Avenue, Suite 400
Woodland Hills, California 91367
Telephone:         (310) 914-2444
Email:         *justicefirmlaw@gmail.com*

Attorney for Plaintiff
Jonathan Robertson

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JONATHAN ROBERTSON, | Case No.: 1:23-cv-00975 KES-GSA |
| Plaintiff, | |
| vs. | OPPOSITION TO MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| STATE OF CALIFORNIA, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR), OFFICER GREG RODRIGUEZ; ACTING WARDEN MICHAEL PALLARES, and DOES 1 to 30, | |
| | Complaint Filed: June 19, 2023 |
| Defendants. | |

Plaintiff, Jonathan Robertson, submits the following Opposition to Defendant Warden Pallares' Motion to Dismiss.

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE CASE

This is a case in which Plaintiff, Jonathon Robertson, was sexually assaulted and forced to commit fellatio on both Defendant Officer Rodriguez and Acting Warden Pallares while an inmate at the Central California Women's Facility (CCWF) in Chowchilla, California.  Ms. Robertson was sexually assaulted on multiple occasions. Officer Garcia is now in custody on separate charges.  Defendant, Acting Warden Pallares, was the acting warden at the time of the assaults.

Ms. Robertson has alleged that not only did she report the sexual assaults to prison administration while Defendant Acting Warden Pallares was the Warden of CCWF, Ms. Robertson also alleges that after she was placed in Administrative Segregation (AdSeg) nearly immediately following the fellatio she performed on both Defendant Pallares and Defendant Rodriguez as a means of frightening and intimidating Ms. Robertson into silence.

Ms. Robertson has alleged that she notified Warden Pallares' office of the repeated sexual assaults she was experiencing at the hands of Officer Rodriguez and that Warden Pallares' office took no action to stop the repeated assaults.  Ms. Robertson has also alleged in her Second Amended Complaint that Warden Pallares personally

requested sexual favors from Ms. Robertson in exchange for preferential treatment or release from the AdSeg population of the prison.

Ms. Robertson has alleged 8th Amendment and 14th Amendment violations on behalf of Defendant Warden Pallares.   Ms. Robertson has alleged facts sufficient to support her claims and Defendant Pallares' Motion to Dismiss should be denied.

## ARGUMENT

### A.   Defendant Pallares does not have immunity, qualified or otherwise.

Defendant Pallares alleges in his Motion to Dismiss that he has qualified immunity as to Plaintiff's Section 1983 claims.  "[I]n *Farmer*, the Supreme Court held that prison officials may be held liable under the Eighth Amendment for the rape of a transsexual inmate by another inmate if the officials knew that the victim faced a substantial risk of serious harm and they disregarded that risk by failing to take reasonable measures to abate it. (*Farmer*, 511 U.S. at 847) Thus, the shield that qualified immunity provides is limited to those officials who are either unaware of the risk or who take reasonable measures to counter it." *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000). "Where guards themselves are responsible for the rape and sexual abuse of inmates, qualified immunity offers no shield." *Id.*

Here, Pallares knew that female inmates, particularly transsexual women like Ms. Roberston, faced a substantial risk of harm and took no action to protect the female inmates. "Female inmates had complained to supervisory staff about OFFICER RODRIGUEZ's sexually harassing and assaultive behavior prior to March and April of

2022 (SAC paras. 16-19, and 23) and these complaints were forwarded to Defendant Pallares with no action being taken.  Defendant Pallares and supervisory staff knew and were aware that female inmates had complained of sexual harassment, sexual assault and by Officer Rodriguez at the BPH Hearing Office and failed to remove Officer Rodriguez from the BPH assignment or install a video system in the Hearing Office to monitor that location." Defendant Pallares and unknown supervisors failed to conduct any inquiry into why Officer Rodriguez was frequently alone with female inmates in this unmonitored location, even though they had complaints from female inmates that CDCR's PREA policies were being violated by Officer Rodriguez.

If Defendant is arguing that the law was not clearly established, that claim also fails. "In the simplest and most absolute of terms, the Eighth Amendment right of prisoners to be free from sexual abuse was unquestionably clearly established prior to the time of this alleged assault, and no reasonable prison guard could possibly have believed otherwise." *Schwenk,* 204 at 1197.  Defendant

**B.    Ms. Robertson has alleged facts sufficient to support her causes of action and Defendant Pallares' Motion to Dismiss should be denied.**

The sole issue raised by a Federal Rule of Civil Procedure ("FRCP") rule 12(b)(6) motion is whether the facts pled would, if established, support a plausible claim for relief. Thus, no matter how improbable the facts alleged are, they must be accepted as true for the purpose of the motion. *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. (2007) 550

U.S. 544, 556; *Bergheim v. Litt* (2nd Cir. 1996) 79 F.3d 318, 321 ("Recovery may seem remote and unlikely on the face of the pleading, but that is not the test for dismissal").

On a Motion to Dismiss under FRCP, rule 12(b)(6), the court must Court must (1) construe plaintiff's claims in the light most favorable to the plaintiff; (2) accept all well pleaded factual allegations as true; and (3) determine whether plaintiff's claims are plausible. *Rescuecom Corp. v. Google Inc.* (8th Cir. 2009) 562 F.3d 123, 127; *al-Kidd v. Ashcroft* (9th Cir. 2009) 580 F.3d 949, 956 (cert. granted on other issues); *Bell Atlantic Corp. v. Twombly, supra*, at 556; *Ashcroft v. Iqbal*, (2009) 556 U.S. 662.

Justice David Souter introduced the concept of plausibility in his majority opinion in *Twombly* but he noted in his dissenting opinion to *Iqbal* that "Twombly does not require a court at the motion to dismiss stage to consider whether the factual allegations are probably true, [unless the factual allegations] are sufficiently fantastic to defy reality as we know it..." *Ashcroft v. Iqbal, supra*, 556 U.S. at 662. (Souter, J., dissenting).

All reasonable inferences from the facts alleged are drawn in Plaintiff's favor in determining whether the complaint states a valid claim. *Braden v. Wal-Mart Stores, Inc.* (9th Cir. 2009) 588 F.3d 585, 595 ("Twombly and Iqbal did not change this fundamental tenet of Rule 12(b)(6) practice"); *Barker v. Riverside County Office of Ed.*, (9th Cir. 2009) 584 F.3d 821, 824. Further, courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified School Dist.* (9th Cir. 1994) 37 F.3d 517, 521

Subject to the "plausibility" requirement, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. at 556. The question of a plaintiff's ability to prove his or her allegations, or possible difficulties in making such proof, is generally of no concern in ruling on a Rule 12(b)(6) motion. In considering a 12(b)(6) motion, it should not inquire whether the plaintiff will ultimately prevail, only whether plaintiff is entitled to offer evidence to support his or her claims. *Nami v. Fauver* (3rd Cir. 1996) 82 F.3d 63, 65; *Allison v. California Adult Authority* (9th Cir. 1969) 419 F.2d 822, 823.

"(T)he complaint should be read, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.* (8th Cir. 2009) 588 F.3d 585, 594 The test is whether the facts, as alleged, support any valid claim entitling the plaintiff to relief…not necessarily the one intended by the plaintiff. Thus, a complaint should not be dismissed because plaintiff relies on the wrong legal theory if the facts alleged support any valid theory. *Alvarez v. Hill* (9th Cir. 2008) 518 F.3d 1152, 1158; *McBeth v. Himes* (10th Cir. 2010) 598 F. 3d 708, 716; *United States v. White* (CD CA 1995) 893 F. Supp. 1432, 1428 (quoting text).

Finally, it should be noted that dismissal without leave to amend is proper only in "extraordinary" cases. *Broam v. Bogan*, (9th Cir. 2003) 320 F.3d 1023, 1028; *United States v. City of Redwood*, (9th Cir. 1981) 640 F.2d 963, 966. Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any

amendment. *Steckman v. Hart Brewing, Inc.*, (9th Cir. 1998) 143 F.3d 1293, 1296; *Manzarek v. Marine*, (9th Cir. 2008) 519 F.3d 1025, 1034.

In this case, Ms. Robertson has pled four causes of action all falling under 42 U.S.C. section 1983, to wit, cruel and unusual punishment, violation of bodily integrity, failure to protect and failure to supervise. Ms. Robertson has pled facts sufficient to support all of these causes of action and Defendant Pallares' Motion to Dismiss should be denied.

### 1. Ms. Robertson has pled facts sufficient to support her cause of action for cruel and unusual punishment.

Under the Fourteenth Amendment, "the threshold question is 'whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Fontana v. Haskin*, (9th Cir. 2001) 262 F.3d 871, 882 n. 7 quoting *County of Sacramento v. Lewis*, (1988) 553 U.S. 833, 846. Once a person has been detained, the analysis to determine whether the alleged conduct constitutes cruel and unusual punishment is determined under the due process analysis of the Fourteenth Amendment. (See *Edgerly v. City and County of San Francisco*, (9th Cir. 2010) 559 F.3d 946, 956 n. 14).

Plaintiff's failure to protect claim under the Eighth Amendment against Pallares is asserting liability for Pallares's culpable inaction and is properly pled. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833, (1994). "For a claim… based

on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, as for the subjective prong, a prison official must have a "sufficiently culpable state of mind;" "[i]n prison-conditions case that state of mind is one of 'deliberate indifference' to inmate health or safety." Id., quoting *Wilson v. Seither*, 501 U.S. 294, 302-303, (1991). "It is also established that defendants cannot escape liability by virtue of their having turned a blind eye to facts or inferences 'strongly suspected to be true,' and that '[i]f . . . the evidence before the district court establishes that an inmate faces an objectively intolerable risk of serious injury, the defendants could not plausibly persist in claiming lack of awareness.'" *Coleman v. Wilson*, 912 F.Supp. 1282, 1316 (E.D. Cal. 1995) (citations omitted) (modifications in original) (quoting *Farmer*, 511 U.S. at 843 n.8, 846 n.9).  Plaintiff has adequately plead a cause of action against Pallares for failing to protect her from Rodriguez.

Plaintiff has alleged that the deprivation here was sufficiently serious, as she was incarcerated under conditions posing a substantial risk of harm. Plaintiff was placed under the control and custody of Correctional Officer Rodriguez, a known sexual predator at CDCR; Plaintiff was sexually harassed, assaulted and forced to perform fellation on both Defendant Rodriguez and Defendant Pallares while at CCWF and *after* prior complaints had been made to Pallares that Rodriguez was sexually assaulting and raping women at CCWF in the BPH Hearing Office. Pallares took no action to stop the rapes of female inmates by Rodriguez in his care and custody at CCWF or to monitor the

BPH Hearing Office; and Defendant Pallares actually committed the same sexual assaults against Ms. Robertson that Defendant Rodriguez did.

Plaintiff has plead facts showing Pallares is liable in his individual capacity for his own culpable action and inaction in the supervision and control of his subordinate Rodriguez. Plaintiff has plausibly alleged that Warden Pallares directly knew of and disregarded an excessive risk to inmate safety. See *Smith v. Diaz*, 2023 U.S. Dist. LEXIS 31042, *8-12, (N.D. Cal. February 22, 2023).

### 2. Ms. Robertson has pled facts sufficient to support her cause of action for bodily integrity.

Again, this Court should consider the facts pled in the Second Amended Complaint as true for purposes of a Motion to Dismiss. (See *Rescucome, supra*). Defendant Pallares has wrongfully argued that the 8th and 14th Amendments do not apply to Ms. Robertson because she is an inmate rather than a person in custody pre-conviction.

> Whatever grammarians may think of the anomalous expression, "substantive due process," it is well established that a person's liberty interest in bodily integrity is one of the personal rights accorded substantive protection under the Due Process Clause.
>
> *Johnson v. Meltzer*, (9th Cir. 1998) 134 F.3d 1393 citing *Albright v. Oliver*, (1994) 510 U.S. 266, 272.

An inmate does not lose that substantive due process right simply because they become an inmate at a prison. The state's failure to protect a bodily integrity right does

not violate the Fourteenth Amendment, unless one of two exceptions applies: (1) the special relationship exception, or (2) the state-created danger exception. *Campbell v. State of Washington Department of Social & Health Services,* (9th Cir. 2011) 671 F.3d 837, 842 citing *DeShaney v. Winnebago County Department of Social Services,* (1989) 489 U.S. 189. A "special relationship" is created when the State places a person in custody and limits their ability to make decisions for themselves. (See *DeShaney,* 489 U.S. at 199-200). In this case, a "special relationship" existed between Pallares and Ms. Robertson in that Pallares was the Acting Warden who had control over Ms. Robertson and who had the ultimate responsibility, as Warden, to ensure that Ms. Robertson's bodily integrity was not being violated. Warden Pallares' failure to ensure Ms. Robertson's bodily integrity is sufficiently pled at paragraphs 14-19 and 30-31). Taking those facts as true, which this Court must, Defendant Pallares' Motion to Dismiss must be denied.

### 3. Ms. Robertson has pled fact sufficient to support her claim for failure to protect.

The same law applies to Defendant Pallares' duty to protect Ms. Robertson under a failure to protect theory as it does under the violation of bodily integrity claim. Defendant Pallares, as Warden of the CCWF was required, due to his special relationship, to protect Ms. Robertson's rights while she was an inmate at CCWF. Certainly, this duty included the duty to do whatever reasonably could be done by then Warden Pallares to prevent Ms. Lispsey's sexual assaults. Further, obviously, Defendant Pallares could have

and should have refrained from personally engaging in the conduct wherein Ms. Robertson was required by Defendant Pallares to perform fellatio on Defendant Pallares as well as Defendant Rodriguez.

Plaintiff's failure to protect claim under the Eighth Amendment against Pallares is asserting liability for Pallares's culpable inaction and is properly pled. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833, (1994). "For a claim… based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, as for the subjective prong, a prison official must have a "sufficiently culpable state of mind;" "[i]n prison-conditions case that state of mind is one of 'deliberate indifference' to inmate health or safety." Id., quoting *Wilson v. Seither*, 501 U.S. 294, 302-303, (1991). "It is also established that defendants cannot escape liability by virtue of their having turned a blind eye to facts or inferences 'strongly suspected to be true,' and that '[i]f . . . the evidence before the district court establishes that an inmate faces an objectively intolerable risk of serious injury, the defendants could not plausibly persist in claiming lack of awareness.'" *Coleman v. Wilson*, 912 F.Supp. 1282, 1316 (E.D. Cal. 1995) (citations omitted) (modifications in original) (quoting *Farmer*, 511 U.S. at 843 n.8, 846 n.9).  Plaintiff has adequately plead a cause of action against Pallares for failing to protect her from Rodriguez.

Plaintiff has alleged that the deprivation here was sufficiently serious, as she was

incarcerated under conditions posing a substantial risk of harm. Plaintiff was placed under the control and custody of Correctional Officer Rodriguez, a known sexual predator at CDCR; Plaintiff was sexually harassed, assaulted and forced to commit fellatio by Defendant Rodriguez while at CCWF and *after* prior complaints had been made to Pallares that Rodriguez was sexually assaulting and raping women at CCWF in the BPH Hearing Office. Pallares took no action to stop the rapes of female inmates by Rodriguez in his care and custody at CCWF or to monitor the BPH Hearing Office. (See SAC paras. 11-22, 25-27, 33-37).

Plaintiff has plead facts showing Pallares is liable in his individual capacity for his own culpable action and inaction in the supervision and control of his subordinate Rodriguez. Plaintiff has plausibly alleged that Warden Pallares directly knew of and disregarded an excessive risk to inmate safety. See *Smith v. Diaz*, 2023 U.S. Dist. LEXIS 31042, *8-12, (N.D. Cal. February 22, 2023).

Defendant Pallares' Motion to Dismiss should be denied.

### 4. Ms. Robertson's has pled sufficient facts for her violation of supervisory liability cause of action.

"A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement — and the liability — of that supervisor." *Starr v. Baca*, (8th Cir. 2011) 652 F.3d 1202, 1206-07.  A defendant may be held liable as a supervisor under 42 U.S.C.S. § 1983 if there exists either (1) his or her personal involvement in the

constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Id. at 1207-08. The causal connection can be shown by setting in motion a series of acts by others, or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," Id.; quoting *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Id., quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (internal alteration and quotation marks omitted).

Plaintiff has pled sufficient facts against Acting Warden Michael Pallares. Plaintiff alleged in her FAC that Pallares had received prior complaints that Rodriguez was violating the prison's PREA policies and took no action to supervise or discipline Rodriguez. (See SAC paras. 11-19, 29-33 and 36-40). Defendant Pallares' Motion to Dismiss should be denied.

Pallares continued to grant Rodriguez overtime shifts at BPH, an unmonitored location that Rodriguez was not assigned to, after receiving complaints alleging PREA violations. *Id.* A reasonable jury could find that Pallares knew or reasonably should have known of Rodriguez's violations and failed to act to prevent them. See *Vazquez v. County of Kern*, 949 F.3d 1153, 1166 (9th Cir. 2020). Pallares knew or reasonably should have

known that allowing an alleged sexual predator to have access to unmonitored locations at CCWF would result in additional sexual assaults and rapes of female inmates. Pallares failed to review the hours of video footage from BPH showing Rodriguez taking female inmates into the PBH Hearing Office to commit sexual assaults. Defendant Pallares's Motion to Dismiss should be denied as to Plaintiff's claim for Supervisory Liability under Section 1983.

## **CONCLUSION**

For the reasons stated, Acting Warden Michael Pallares's motion to dismiss should be denied in its entirety. To the extent that the motion is granted in any respect, the Court "should grant leave to amend…, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Dated this 5th day of July, 2024.

THE JUSTICE FIRM

*Joseph A. Virgilio*

_____
Joseph Virgilio, Esq.
Attorney for Plaintiff Jonathan Robertson.

# PROOF OF SERVICE

## UNITED STATES OF AMERICA

## STATE OF CALIFORNIA

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen and not a party to this litigation. My business address is 5850 Canoga Avenue Suite 400, Woodland Hills, California 91367.

On July 5, 2024, I served the foregoing document described below as OPPOSITION TO MOTION TO DISMISS on the interested parties to this action:

[ ]   (BY PERSONAL SERVICE). I delivered such envelope by hand to counsel for the parties as set forth below:

[ ]   (BY MAIL) I placed a true and correct copy of the above document in an envelope, postage prepaid, first-class to the address below:

Arthur B. Mark III, Esq.
Deputy Attorney General
California Department of Justice
Correctional Law Section
1300 I Street
Sacramento, CA 95814
Arthur.mark@doj.ca.gov

[ ]   (BY EXPRESS MAIL COURIER) I placed a true and correct copy of the above document in an envelope, postage prepaid, and deposited the envelope in a box regularly maintained by the courier for overnight delivery:

[xx]  (BY ELECTRONIC MAIL TRANSMISSION) I transmitted said document via electronic mail (EMAIL) to counsel for the party set forth above.

[XX]  (State) I declare under penalty of perjury pursuant to the laws of the State of California that the above is true and correct.

_____David Robinson_____        _____
        (Type or print name)                                    Signature