ROB BONTA, State Bar No. 202668
Attorney General of California
ALICIA A. BOWER, State Bar No. 287799
Supervising Deputy Attorney General
JEREMY DUGGAN, State Bar No. 229854
Deputy Attorney General
ZACHARY GLANTZ, State Bar No. 298936
Deputy Attorney General
ARTHUR B. MARK III, State Bar No. 220865
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7345
 Fax: (916) 324-5205
 E-mail: Arthur.Mark@doj.ca.gov
*Attorneys for Defendant
M. Pallares*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JONATHAN ROBERTSON,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA, et al.,**<br><br>Defendants. | Case No. 1:23-cv-00975-KES-GSA<br><br>**REPLY IN SUPPORT OF DEFENDANT PALLARES'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Gary S. Austin<br>Trial Date: None set<br>Action Filed: June 29, 2023 |

## INTRODUCTION

Prisoner-Plaintiff Robertson's opposition provides neither legal authority nor demonstrates that the allegations in the operative Second Amended Complaint support Robertson's second, third and fourth claims for relief against Warden Pallares. Accordingly, the Court should grant Defendant's motion and dismiss those claims against Warden Pallares.

## I. ROBERTSON'S FIRST CLAIM FOR RELIEF IS NOT AT ISSUE

Robertson unnecessarily argues the first claim for relief states a claim against Warden Pallares under the Eighth Amendment. (Pl.'s Opp'n. at 7-9, ECF No. 38). Understanding this claim to be a claim for an alleged sexual assault by Warden Pallares (*see* SAC ¶ 17, ECF No. 32,), Warden Pallares did not move to dismiss this claim. (Def.'s Mot., ECF No. 34). Thus, it is not at issue. Accordingly, the Court need not address Plaintiff's first claim for relief[1] at this time.

## II. ROBERTSON'S FOURTEENTH AMENDMENT "RIGHT TO BODILY INTEGRITY CLAIM" MUST BE DISMISSED

Robertson's Fourteenth Amendment claim based on a right to "bodily integrity," must be dismissed as there is no authority supporting such a claim for convicted inmates alleging sexual assault. Rather, as explained in Defendant's motion, both the United States Supreme Court and the Ninth Circuit have unambiguously held that when a constitutional claim is covered by a specific constitutional provision, then no right under the so-called "substantive due process" theory of the Fourteenth Amendment will be recognized. (Def.'s Mot. at 4-6, ECF No. 34-1). The cases cited by Robertson do not support a Fourteenth Amendment claim for a "right to bodily integrity" for convicted inmates, such as Robertson, who are alleging sexual assault as the basis of their claims. (*See* Pl.'s Opp'n. at 9-10, ECF No. 38).

Robertson's reliance on *Johnson v. Meltzer*, 134 F.3d 1393 (9th Cir. 1998), is misplaced. *Johnson* discussed a Fourteenth Amendment "bodily integrity" claim in relation to a claim against two doctors for the non-consensual administration of medication. *Johnson* specifically recognized that the plaintiff was "not an inmate," thus distinguishing *Johnson* from this case, where the plaintiff is a convicted inmate and has sued for conduct allegedly occurring while in prison. *Id*. at 1397.

*Albright v. Oliver*, 510 U.S. 266 (1994), likewise did not involve a convicted felon. And, *Albright* specifically warned that the Supreme Court has been leery to expand the scope of claims

---

[1] To the extent Robertson is arguing that the first claim for relief states a claim other than an Eighth Amendment sexual assault claim, such as a claim under the Fourteenth Amendment or for failure to protect from Rodriguez (*see* Pl.'s Opp'n. at 7-8, ECF No. 38), such a claim has not been plead or is duplicative of Robertson's second and third causes of action and thus insufficient to state a claim as explained in sections II and III of this reply.

under "substantive due process" under the Fourteenth Amendment, affirming that "[w]here a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing those claims." *Albright*, 510 U.S. at 273 (quoting *Graham v. Connor*, 490 U.S. 386, 295 (1989)). *See also Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 331-32 (2022) (Thomas, J. concurring) (explaining that the notion of "substantive due process" lacks any constitutional basis). While *Albright* mentions a "right to bodily integrity" in passing it in no way endorsed or even implied that such a right exists for convicted, incarcerated inmates like Robertson.

Similarly, neither *Campbell v. State of Washington Dept. of Social and Health Svcs.*, 671 F.3d 837 (9th Cir. 2011), nor *DeShaney v. Winnebago County Dept. of Social Svcs.*, 489 U.S. 189 (1989), involved a prison or prison inmate. *Campbell* involved the death of a woman voluntarily enrolled in a state care program and *Deshaeny* involved a claim of injuries inflicted on a child whom the defendant had not removed from an abusive home. *Campbell*, 671 F.3d at 841; *DeShaney*, 489 U.S. at 191-93. As neither case involved claims by prison inmates, the Eighth Amendment was not implicated and the plaintiffs in both cases therefore raised claims under the so-called "state created danger" doctrine under the Fourteenth Amendment's substantive due process prong. Here, the Eighth and not the Fourteenth Amendment applies as Robertson was a post-conviction inmate at the time of the alleged constitutional violation. *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1067-68 (9th Cir. 2016). Thus, Plaintiff's "bodily integrity claim" is not cognizable.

And, even if such a novel claim could be recognized for prison inmates, Warden Pallares must be granted qualified immunity against such a claim as it is not clearly established that prison officials could violate the Fourteenth Amendment (as opposed to the Eighth Amendment) by allegedly harming an incarcerated, convicted inmate. Robertson cites no cases recognizing a Fourteenth Amendment "bodily integrity" claim for convicted inmates. (*See* Pl.'s Opp'n. at 9-10, ECF No. 38). In fact, Robertson's discussion of qualified immunity cites only cases finding that the prison inmates' claims for sexual assault arise under the Eighth Amendment, not the

3

Fourteenth. (*Id*. at 3-4). Accordingly, Robertson's Fourteenth Amendment claim should be dismissed with prejudice and Defendant should be granted qualified immunity as to that claim.

### III. ROBERTSON'S FAILURE-TO-PROTECT CLAIM AGAINST WARDEN PALLARES FAILS

Robertson incorrectly argues that the "same law applies to Defendant Pallares' duty to protect [Plaintiff] under a failure to protect theory as it does under the violation of bodily integrity claim." (Pl.'s Opp'n. at 10:19-22, ECF No. 38). As shown above, the very limited Fourteenth Amendment "right to bodily integrity" is not implicated in this case; only the Eighth Amendment applies.

Robertson has not sufficiently plead a claim against Warden Pallares for failure to protect under the Eighth Amendment. Pleading such a claim requires allegations plausibly alleging that (1) the plaintiff was at a substantial risk of serious harm; and (2) the defendant was aware of that risk and intentionally disregarded it. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Wood v. Beauclair*, 692 F.3d 1041, 1051 (9th Cir. 2012) (discussing an inmate's claim based on an alleged failure to protect the inmate from sexual assault by a guard failed due to a lack of facts showing that prison officials were on notice the guard posed a risk of sexual assault to the inmate).

The opposition argues that Robertson "was sexually harassed, assaulted and forced to commit fellatio by Defendant Rodriguez . . . after prior complaints had been made to Pallares that Rodriguez was sexually assaulting and raping women at CCWF in the BPH hearing office." (Pl.'s Opp'n. at 12:3-7, ECF No. 38). However, the actual allegations of Robertson's Second Amended Complaint do not reflect these facts, nor do they support a claim for failure to protect against Warden Pallares. (*See* SAC ¶¶ 16-34, ECF No. 32).

Robertson cites to paragraphs 11-22, 25-27, and 33-37 of the Second Amended Complaint (Pl.'s Opp'n. at 12:9, ECF No. 38), as support for the failure to protect claim and relies on *Smith v. Diaz*, 2023 U.S. Dist. Lexis 31042 (N.D. Cal. February 22, 2023) to argue that the SAC's allegations are sufficient to state a claim. (*Id.* at 12:14-15). However, unlike in this case, the operative complaint in *Smith* contained allegations that the warden defendant was the chairman of a prison committee that was required to review complaints regarding PREA issues and that he had

4

been present at meetings where the plaintiff had complained about sexual harassment and lack of privacy. *Smith*, 2023 U.S. Dist. Lexis at 31042 *4-5. No similar allegations are plead in this case. (*See* SAC ¶¶ 16-34, ECF No. 32).

Rather, Robertson's allegations in support of the failure-to-protect claim are of the type of "formulaic recitation of the elements of a cause of action" that are insufficient to state a section 1983 claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Robertson's indefinite and conclusory allegations of notice are like those found insufficient to state a claim for failure to protect against the warden in *Graves v. California Dept. of Corrections and Rehabilitation*, No. ED CV 17-1086 JGB (SPx), 2020 WL 13401582 (C.D. Cal. June 3, 2020), discussed in Defendant's motion. (ECF No. 34-1 at 6-8). *See Wiley v. Correctional Officer Rosales*, 2021 WL 1649523 *8 (C.D. Cal. March 22, 2021) (dismissing complaint for failing to "clearly identify what each defendant did to violate [p]laintiff's constitutional rights").

Specifically, none of the paragraphs cited by Robertson (*see* Pl.'s Opp'n. at 12:9, ECF No. 38) plead sufficient allegations from which an inference could be drawn that Warden Pallares (1) was aware of facts from which he could infer that Officer Rodriguez presented a substantial risk of serious harm to Plaintiff for sexual assault *and* (2) that Warden Pallares actually drew that inference and intentionally ignored the risk as required under *Farmer*. *See* 511 U.S. at 834.

First, Plaintiff is not a "female inmate" but is a "transwoman," meaning a biological male, (SAC ¶ 5, ECF No. 32). Robertson does not allege that Warden Pallares was placed on notice that Officer Rodriguez had sexually assaulted biological males housed at CCWF prior to any time that Rodriguez allegedly assaulted Robertson. Moreover, Robertson did not report any alleged assaults by Rodriguez. (SAC, ¶ 18).

Robertson only vaguely alleges a "failure to investigate prior claims of sexual harassment, physical and sexual assaults," and the making of unspecified "intentional decisions" with respect to "co-defendants." (SAC, ¶¶ 30-32). But, these allegations fail to specify when such claims were made, what the claims consisted of, and what, if anything, was reported to Pallares regarding Rodriguez.

The remaining paragraphs cited by Robertson to support the failure to protect claim contain no allegations that Defendant Pallares was put on notice that Rodriguez presented a "substantial risk of serious harm" via sexual assault to Robertson (or other biological male inmates) prior to the time Robertson was allegedly assaulted. Paragraphs 11 through 15 are generalized allegations concerning the California Department of Corrections and Rehabilitation's PREA policies. Paragraphs 16 through 18 describe alleged assaults by Rodriguez or Pallares; however, these paragraphs lack allegations that Warden Pallares was informed of any assaults by Rodriguez. Paragraph 19 is a boilerplate allegation about "customs, practice and policy;" and paragraphs 20 through 22, 25 through 27, and 33 through 37 are boilerplate, conclusory allegations devoid of facts concerning any notice to Warden Pallares regarding alleged attacks on Robertson. Ultimately, the essence of Roberton's allegations in support of the claim for failure to protect amount to an attempt to attribute liability to Defendant Pallares based on the fact that he was the Acting Warden of CCWF, which is not sufficient to state a claim. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Accordingly, Robertson's failure to protect claim should be dismissed.

## IV.  ROBERTSON'S SUPERVISORY LIABILITY CLAIMS ALSO FAILS

Roberton's supervisory liability claim also fails for lack of factual allegations providing clear notice of the basis of this claim. Like Robertson's argument on the failure-to-protect claim, Robertson relies on paragraphs 11 through 19, 29 through 33, and 36 through 40 of the operative complaint. (Pl.'s Opp., ECF No. 38 at 13). These allegations fail to plausibly suggest that Warden Pallares was aware of a substantial risk of serious harm to Robertson from Rodriguez as discussed above. Regarding allegations cited by Robertson specific to the supervisory liability claim, paragraphs 36 through 40, these allegations are a litany of conclusory, generalized allegations of the type found insufficient to state a supervisory liability claim. (*See* Def.'s Mot., ECF No. 31-1 at 12 (discussing cases finding allegations similar to Plaintiff's insufficient to state supervisory liability claims against a warden under 42 U.S.C. § 1983)). In addition, because Robertson has failed to set forth sufficient allegations to state a supervisory liability claim, Warden Pallares should be granted qualified immunity on this claim. *See Hydrick v. Hunter*, 669

F.3d 937, 942 (9th Cir. 2012). Accordingly, Robertson's supervisory liability claim should be dismissed.

### V. LEAVE TO AMEND SHOULD BE DENIED

As the Second Amended Complaint was Robertson's third attempt at pleading claims against Warden Pallares, the Court's discretion to deny leave to amend is particularly broad. *Ecological Rights Fndn. v. Pac. Gas and Elec. Co.,* 713 F.3d 502, 520 (9th Cir. 2013). Robertson requests leave amend, but offers this Court no additional allegations beyond those already pled. (*See* Pl.'s Opp. ECF No. 38 at 14). Thus, it would appear Robertson's Second Amended Complaint represents the best Plaintiff can do and it would be futile to allow further amendments. Accordingly, leave to amend further should be denied.

### CONCLUSION

The Court should grant Defendant's motion and dismiss Robertson's second, third, and fourth causes of action against Warden Pallares.

Dated: July 15, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General

*/s/ Arthur B. Mark III*

ARTHUR B. MARK III
Deputy Attorney General
*Attorneys for Defendant*
M. Pallares

SA2023306402
38253509.docx

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Jonathan Robertson (AY-5276) v. State of California, et al.** | No. | **1:23-cv-00975-KES-GSA** |

I hereby certify that on <u>July 15, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> ➢ **REPLY IN SUPPORT OF DEFENDANT PALLARES'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 15, 2024</u>, at Sacramento, California.

| K. Vitalie | */s/ K. Vitalie* |
|---|---|
| Declarant | Signature |

SA2023306402
38263248.docx