1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JONATHAN ROBERTSON,[1]              No.  1:23-cv-00975 JLT GSA (PC)

12              Plaintiff,               <u>FINDINGS AND RECOMMENDATIONS</u>

13         v.                            ORDER RECOMMENDING THAT:

14   GREG RODRIGUEZ, et al.,             (1) DEFENDANT'S MOTION TO DISMISS
                                         BE GRANTED IN PART WITHOUT
15              Defendants.              PREJUDICE AND DENIED IN PART, AND

16                                       (ECF No. 34)

17                                       (2) PLAINTIFF BE GIVEN A FINAL
                                         OPPORTUNITY TO AMEND THE
18                                       COMPLAINT

19                                       OBJECTIONS DUE IN FOURTEEN DAYS

20

21         Plaintiff, a state prisoner proceeding with counsel, has filed this civil rights action seeking

22   relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge

23   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Plaintiff has paid the filing fee.  <u>See</u>

24   10/4/23 docket entry indicating same.  Plaintiff's second amended complaint ("SAC") is the

25   operative complaint.  <u>See</u> ECF No. 32.

26

27   _____

28   [1]  It appears that Plaintiff, a transgender woman, was incarcerated at Central California Women's
     Facility ("CCWF") at the time of the incidents in question.  <u>See</u> ECF No. 32 at 2.

                                              1

Before this Court is Defendant Pallares' motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) ("MTD").  ECF No. 34.  For the reasons stated below, the undersigned will recommend that Defendant's MTD be granted in part without prejudice and denied in part.  In addition, in the interests of justice, it will be recommended that Plaintiff be given a final opportunity to amend the complaint.

I.    RELEVANT PROCEDURAL HISTORY

On June 23, 2023, Plaintiff's complaint was docketed by Plaintiff's counsel Joseph A. Virgilio.  ECF No. 2.  The complaint named five other prisoners as Plaintiffs in this matter.  It also named eleven individuals as Defendants, as well as thirty Doe Defendants.  See id. at 1 (case caption of pleading).

On June 29, 2023, the undersigned ordered the matter severed into separate cases for each Plaintiff, and each Plaintiff was to file a separate complaint in his/her respective matter.  See ECF No. 1.  As a result, on July 6, 2023, this matter was assigned to a different magistrate judge.  See ECF No. 7.

Plaintiff filed a first amended complaint ("FAC") on August 14, 2023 (ECF Nos. 10-12), (Plaintiff's FAC; notice of errata; re-filed FAC, respectively).  On October 6, 2023, summonses were issued directing the named Defendants to file an answer to the FAC.  ECF Nos. 16, 17.

On December 12, 2023, the Chief District Judge related the cases that had been separated.  ECF Nos. 21-22 (Clerk's Office notice of reassignment; order regarding same).  As a result, nine separate matters with similar facts were eventually placed back on this Court's docket.[2]  Thereafter, in January 2024, Plaintiff was ordered to file a second amended complaint.  ECF No. 28.

Plaintiff's second amended complaint was filed on March 4, 2024.  On April 3, 2024, Defendant filed the instant motion to dismiss.  ECF No. 34.  On July 5, 2024, Plaintiff's opposition to the motion to dismiss was filed.  ECF No. 38.  Ten days later, Defendant's reply to

---

[2]  This case, as well as the others that were initially filed with it, were all reassigned back to the undersigned.  See generally ECF Nos. 21, 22 (Clerk's Office notice of reassignment; order regarding same).

1   the opposition was filed.  ECF No. 39.  Thus, the matter has been fully briefed, and as such, it is

2   ready for consideration by the Court.

3       II.    PLAINTIFF'S SECOND AMENDED COMPLAINT

4           A.  Facts Alleged

5           In Plaintiff's SAC, Plaintiff alleges that on various and repeated occasions in February

6   and March of 2022, Acting Warden Defendant Pallares violated her rights under the Constitution

7   when he unzipped his pants and demanded that Plaintiff perform fellatio on him.  ECF No. 32 at

8   5.  Plaintiff states that as a means of coercing her to perform the sex acts, Defendant Pallares

9   threatened Plaintiff by stating that they would punish her either by sending her back to a men's

10  prison, by putting her in solitary confinement, and/or by taking other punitive measures against

11  her.  Id.  For example, one time when Plaintiff refused, Defendant Pallares allegedly grabbed her

12  by the hair and forced his genitalia into her mouth.[3]  Id.  Plaintiff contends that Defendants made

13  certain that the incidents took place in areas of the prison where there was no video surveillance,

14  and that doing so put her at a substantial risk of suffering serious harm, which ultimately, she did.

15  See ECF No. 32 at 7-8.

16          Eventually, Plaintiff complied with Defendant Pallares' demands.  See ECF No. 32 at 5.

17  As a result, in April 2022, Plaintiff was released from administrative segregation.  Id. at 5-6.

18          Based on these facts, Plaintiff alleges that:  (1) her Eighth Amendment right to be free

19  from cruel and unusual punishment and excessive force were violated when Defendant Pallares

20  physically and/or sexually assaulted her; (2) her Fourteenth Amendment right to bodily integrity

21  was violated when Defendant Pallares physically and/or sexually assaulted her; (3) her Eighth

22  Amendment right to be protected by prison officials and to have the incidents properly

23  investigated while incarcerated, and (4) Defendant Pallares is liable for her harm under a

24  supervisorial liability theory because as one who had custody of her, he had a special relationship

25  _____

26  [3]  It appears that later that day, after Plaintiff had been taken to the Board of Parole Hearing room,
    Defendant Rodriguez told Plaintiff that if Plaintiff performed the same sex act on him, Plaintiff
27  would be released from administrative segregation.  ECF No. 32 at 5.  Plaintiff was also told that
    if Plaintiff reported the incidents, Plaintiff would be sent back to administrative segregation.  Id.
28  at 5-6.

1  which required him to assume affirmative duties of care of Plaintiff and to protect Plaintiff.  See

2  ECF No. 32 at 6-10.

3  Plaintiff further argues that Defendant Pallares breached those duties when he:  (1)

4  permitted unsupervised, unmonitored access to prisoners by correctional officers; (2) failed to

5  address the ongoing problem of sexual abuse in the prison; (3) failed to install video surveillance

6  in areas where a prisoner could be present and where a prison official has access, and (4) failed to

7  properly train and investigate offending prison staff despite being aware of the offenses and

8  offending staff, amongst other things.  See generally ECF No. 32 at 8-10.  Defendant Pallares,

9  Plaintiff further contends, knew that these acts were happening and that they were depriving

10  Plaintiff of her rights.  Id. at 10.  In sum, she contends, Defendant Pallares was part of a custom,

11  practice, or policy that existed at the prison at that time.  Id. at 6.

12  **B.  Harm Caused and Remedy Sought**

13  Plaintiff alleges that the Defendants performed these acts for the purpose of humiliating,

14  degrading and demeaning Plaintiff.  ECF No. 32 at 6.  She states that she also suffered injuries.

15  See id. at 7.  She seeks general, compensatory and special damages against Defendant Pallares

16  according to proof at trial.  Id. at 11.  She also seeks punitive damages, treble damages and civil

17  penalties as allowed by law and any other relief that the Court deems fair, just, and equitable.  Id.

18  **III.  MOTION TO DISMISS**

19  **A.  Defendant's Motion**

20  Defendant Pallares has moved to have Plaintiff's complaint dismissed pursuant to Federal

21  Rule of Civil Procedure 12(b)(6).  ECF No. 34 at 1-2.  In it, he contends that the SAC should be

22  dismissed on the following grounds:  (1) that Plaintiff's claim of violation of right to bodily

23  integrity under the Fourteenth Amendment is a substantive due process claim which is not

24  cognizable for a convicted inmate (ECF No. 34-1 at 4); (2) that to the extent that the Court finds

25  that the Fourteenth Amendment claim is, in fact, cognizable, he is entitled to qualified immunity

26  (id. at 5-6); (3) that Plaintiff's Eighth Amendment failure to protect from sexual harassment, etc.

27  claim does not provide sufficient facts (id. at 6-8), (4) that Plaintiff's argument that Defendant

28  Pallares is liable for her harm via a respondeat superior theory of liability fails as there is no

4

1  respondeat superior liability Section 1983 (id. at 8-9), and (5) that in any event, Defendant

2  Pallares is entitled to qualified immunity. (id. at 10).

3         In sum, Defendant Pallares argues that Plaintiff's second, third and fourth claims against

4  him should be dismissed with prejudice because Plaintiff has been given the opportunity to

5  amend. In addition, he argues, giving Plaintiff the opportunity to amend the complaint again

6  would be futile. ECF No. 34-1 at 10-11.

7              B.  Plaintiff's Opposition

8         In Plaintiff's opposition to Defendant Pallares' motion to dismiss, she counters:  (1) that

9  Defendant Pallares is not entitled to qualified immunity with respect to her Section 1983 claims

10  because he knew that transsexual inmates like Plaintiff faced a substantial risk of harm, because

11  before March and April of 2022, complaints about Defendant Rodriguez' sexually harassing and

12  assaultive behavior had been forwarded to Defendant Pallares, yet he took no action to protect the

13  female inmates[4] (ECF No. 38 at 3-4); (2) that a sufficient amount of facts have been alleged under

14  Rule 12(b)(6) to support a plausible claim for relief, especially given the requirements that the

15  Rule leans heavily towards favoring the allegations of the Plaintiff, and dismissal without leave to

16  amend is proper only in extraordinary cases (see id. at 5-7); (3) that her cruel and unusual

17  punishment claim is properly pled under the Fourteenth Amendment (id. at 7) and that her failure

18  to protect claim is properly pled under the Eighth Amendment, in part, because she was forced to

19  perform fellatio on Defendant Pallares after complaints had been made to Defendant Pallares; he

20  committed the same sexual assaults against her as Defendant Rodriguez had, and Defendant

21  Pallares took no action to stop the rape of female inmates by Defendant Rodriguez or to monitor

22  the hearing office (ECF No. 38 at 7-9); (4) that under the law, her bodily integrity  claim is

23  properly pled under the Fourteenth Amendment (id. at 9-11); (5) that her failure to protect claim

24  has been properly pled under the Eighth Amendment (id. at 11-12), and (6) that she has raised a

---

[4] Plaintiff contends that Defendant Rodriguez could have been removed from his Board of Prison
Hearings assignment or that a video system could have been installed in the hearing office so that
the location could be monitored.  ECF No. 38 at 3-4.  According to Plaintiff, Defendant
Rodriguez was frequently alone with female inmates in that unmonitored location, and unknown
supervisors had complaints from female inmates that the prison's Prison Rape Elimination Act
("PREA") policies were being violated by Defendant Rodriguez.  Id. at 4.

1   sufficient Eighth Amendment deliberate indifference cause of action against Defendant Pallares

2   via supervisorial liability because Defendant Pallares knew about the complaints against

3   Defendant Rodriguez and that he was violating prison PREA policies, yet he took no action to

4   supervise or discipline Defendant Rodriguez (id. at 12-14).

5         For these reasons, Plaintiff argues, Defendant Pallares' motion to dismiss should be

6   denied in its entirety. However, Plaintiff requests that should the Court grant Defendant's motion

7   to dismiss in any part that she be given leave to amend.  ECF No. 38 at 14.

8               C.  Defendant's Reply

9         In response to Plaintiff's opposition, Defendant Pallares contends:  (1) that because

10  Defendant has not moved to dismiss Plaintiff's first claim of violations of right under the Eighth

11  Amendment, the Court need not address it at this time (ECF No. 39 at 2); (2) that Plaintiff's

12  Fourteenth Amendment right to bodily integrity claim be dismissed because there is no right

13  under the Amendment for convicted inmates who allege sexual assault.  The cases to which

14  Plaintiff has cited in support are not on point, and even if Plaintiff's argument was cognizable for

15  inmates, Defendant Pallares is entitled to qualified immunity (id. at 2-4); (3) the right to bodily

16  integrity under the Fourteenth Amendment is not implicated in this case, only the Eighth

17  Amendment applies (id. at 4); (4) that Plaintiff has not sufficiently pled an Eighth Amendment

18  failure to protect claim against Defendant Pallares because the facts alleged in the SAC are of the

19  type of "formulaic recitation of the elements of cause of action" that are insufficient to state a

20  section 1983 claim (Id. at 5), and (5) that Plaintiff's supervisorial liability claim fails for lack of

21  factual allegations providing clear notice of the basis of the claim as they are a  "litany of

22  conclusory, generalized allegations of the type insufficient to state a supervisory liability claim."

23  (ECF No. 39 at 6-7).

24        Lastly, Defendant Pallares argues that Plaintiff's request for leave to amend should be

25  denied because Plaintiff's SAC was his third attempt at pleading claims against him, and Plaintiff

26  has not provided any additional allegations beyond those that have already been pled that would

27  warrant granting leave to amend.  See ECF No. 39 at 7.  As a result, Defendant Pallares argues,

28  the SAC appears to be the best that Plaintiff can do, so it would be futile to allow her to do so.  Id.

6

1    IV.   STANDARD OF REVIEW

2         "The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

3    sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

4    1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

5    sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901

6    F.2d 696, 699 (9th Cir. 1990).

7         To survive dismissal for failure to state a claim, a complaint must contain more than a

8    "formulaic recitation of the elements of a cause of action;" it must contain factual allegations

9    sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly,

10   550 U.S. 544, 555 (2007).  It is insufficient for the pleading to contain a statement of facts that

11   "merely creates a suspicion" that the pleader might have a legally cognizable right of action.  Id.

12   (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed.

13   2004)).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a

14   claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

15   (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

16   factual content that allows the court to draw the reasonable inference that the defendant is liable

17   for the misconduct alleged." Id.

18        In reviewing a complaint under this standard, the court "must accept as true all of the

19   factual allegations contained in the complaint," construe those allegations in the light most

20   favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor.  See Erickson v. Pardus,

21   551 U.S. 89, 93-94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d

22   954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340

23   (9th Cir. 2010).  However, the court need not accept as true legal conclusions cast in the form of

24   factual allegations, or allegations that contradict matters properly subject to judicial notice.  See

25   Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State

26   Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

27   V.   DISCUSSION

28        For the reasons stated below, it will be recommended that Defendant Pallares' motion to

7

1    dismiss be granted in part with respect to Claims Two, Three, and Four and denied in part with

2    respect to Claim Three.  In addition, in the interests of justice, it will be recommended that

3    Plaintiff be given leave to amend the complaint.

A.    Claim One:  Eighth Amendment Cruel and Unusual Punishment and Excessive

Force

6    In Claim One, Plaintiff has alleged that Defendant Pallares violated his Eighth

7    Amendment rights to be free from cruel and unusual punishment and to be free from excessive

8    force.  See ECF No. 32 at 6-7 (SAC).  In Defendant Pallares' opposition, he does not raise any

9    argument about Claim One.  See ECF No. 34-1 at 4-11 (argument in MTD).  Furthermore, in his

10   opposition, Defendant Pallares states "understanding this to be a claim for an alleged sexual

11   assault . . .  [he] did not move to dismiss this claim."  ECF No. 39 at 2 (brackets added).

12   A review of Claim One indicates that sufficient facts have been provided to support both

13   cruel and unusual punishment and excessive force claims against Defendant Pallares.  Although

14   in the MTD, Defendant Pallares does not address the excessive force allegation alleged in Claim

15   One (see generally ECF No. 34-1 at 4) (only arguing that Claims Two through Four should be

16   dismissed) Plaintiff's allegation that in February and March of 2022, after Plaintiff refused to

17   perform fellatio on him, Defendant Pallares grabbed her hair and forced his penis into her mouth

18   (see ECF No. 32 at 5); see also id. at 6, ¶ 20 (incorporating by reference ¶¶ 1-19) constitutes

19   sufficient facts to support an excessive force claim against Defendant Pallares as well.

20   Accordingly, Claim One shall remain a viable Eighth Amendment cruel and unusual punishment

21   and excessive force claim in this case.

B.    Claim Two:  Right to Bodily Integrity Under Fourteenth Amendment

1.    Applicable Law

24   It has been stated that "[t]he protections of substantive due process have for the most part

25   been accorded to matters relating to marriage, family, procreation, and the right to bodily

26   integrity."  Albright v. Oliver, 510 U.S. 266, 272 (1994) (brackets added).  However, "[w]here a

27   particular Amendment provides an explicit textual source of constitutional protection against a

28   particular sort of government behavior, that Amendment, not the more generalized notion of

8

1   substantive due process, must be the guide for analyzing these claims.  Albright, 510 U.S. at 273

2   (internal quotation marks omitted) (citing Graham v. Connor, 490 U.S. 386, 395 (1989); see, e.g.,

3   Johnson v. State of California, 207 F.3d 650, 656 (9th Cir. 2000) (citation omitted) (preventing

4   plaintiff from proceeding on substantive due process theory because Equal Protection Clause

5   covered); see also Picray v. Sealock 138 F.3d 767, 770 (9th Cir. 1998) (citing Albright).

6   Furthermore, the Eighth Amendment applies to convicted prisoners, whereas the more protective

7   Fourteenth Amendment applies to conditions of confinement when detainees have not been

8   convicted.  See Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987) (citations omitted).

9                                          2.    Analysis

10      Plaintiff's assertion in Claim Two that Defendant Pallares alleged sexual assaults violated

11  her right to bodily integrity under the Fourteenth Amendment fails to state a claim upon which

12  relief may be granted. As Defendant Pallares' correctly argues, claims like these must be

13  considered under a specific constitutional provision like the Eighth Amendment, and not under

14  the Due Process Clause of the Fourteenth Amendment. Moreover, Plaintiff,  a convicted prisoner

15  claiming a violation of right to bodily integrity, must assert that right under the protection of the

16  Eighth Amendment and not that afforded under the  Fourteenth Due Process Clause. Therefore,

17  the Court need not, and does not, reach Defendant Pallares' secondary qualified immunity

18  argument for Claim Two.

19      For this reason, the undersigned will recommend that Defendant Pallares' motion to

20  dismiss Claim Two be granted.  However, given that the facts Plaintiff has provided in support of

21  her overall allegation that her constitutional rights were violated when Defendant Pallares

22  physically and/or sexually assaulted her (see ECF No. 32 at 7, and incorporating ¶¶ 1-25), the

23  undersigned will recommend that Plaintiff be permitted to amend Claim Two.

24          C.  Claim Three:  Failure to Protect Under Eighth Amendment

25                              1.   Applicable Law

26      The Eighth Amendment requires that prison officials take reasonable measures to

27  guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. at 832. The failure of prison

28  officials to protect inmates violates the Eighth Amendment when two requirements are met: (1)

the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent [*5] to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 199-200 (1989). "[An] affirmative duty to protect arises . . . from the limitation which [the State] has imposed on his freedom to act on his own behalf." Id. at 200 (brackets added).

Liability under the Eighth Amendment requires more than ordinary lack of due care for a prisoner's interests or safety. Farmer v. Brennan, 511 U.S. 825, 835 (1994) (citing Whitley v. Albers, 475 U.S. 312, 319 (1986)). An Eighth Amendment failure to protect claim requires a showing that the deprivation is objectively sufficiently serious and that the official knew of and disregarded an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. It also requires showing that a defendant acted with a sufficiently culpable state of mind. See, e.g., Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005) (citing Wilson, 501 U.S. at 298); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049 (9th Cir. 2002). More than negligence but less than intentional acts specifically intended to cause harm establishes deliberate indifference. Hearns, 413 F.3d at 1040. A prison official need not act or fail to act believing that harm would actually befall an inmate. It is enough that he acted or failed to act despite his knowledge of a substantial risk of harm and/or serious damage to his future health. See Farmer, 511 U.S. at 842-43 (citations omitted).

"Whether a prison official had the requisite knowledge of a substantial risk is a question of fact." Farmer, 511 U.S. at 842. "[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (brackets added).

2. Analysis

Defendant Pallares' motion to dismiss Plaintiff's failure to protect Claim Three on the

1    grounds that it fails to state a cognizable claim will be granted in part with respect to Defendants

2    in general.  However, it will be denied in part with respect to Defendant Pallares.

3                            a.  <u>Failure to Protect Claim With Respect to Other Defendants</u>

4         Plaintiff alleges in Claim Three that there had been prior complaints of sexual harassment,

5    and of physical and sexual assault committed by Defendants at CCWF, and that Defendants,

6    Defendant Pallares (as the acting warden), and Defendant Does did not properly investigate prior

7    claims.  ECF No. 32 at 8 ¶ 29.  Defendants' failure to investigate them, Plaintiff argues, was done

8    with disregard of her Eighth Amendment right to be physically protected.  <u>Id.</u> at ¶ 30.  Plaintiff

9    further argues that Defendants' failure to investigate earlier claims of physical and sexual assault

10   and their permitting access to unmonitored locations in the prison, <u>e.g.</u>, the Board of Prison

11   Hearings office, put her at a substantial risk of suffering serious harm, and that Defendants' acts

12   and omissions were the proximate cause of her injuries.  ECF No. 32 at 8.

13        With respect to the failure to protect claim levied against other "Defendants," Defendant

14   Pallares' argument that its lack of specificity and its failure to specify any particular act or

15   omission of Defendant Pallares' that caused Plaintiff to be injured by someone else is a valid one.

16   Plaintiff provides no clear evidence – via declaration, grievances of inmates, or otherwise – that

17   Defendants knew about the sexual abuse in which unnamed defendant-prison officials were

18   participating (<u>see generally</u> ECF No. 32), nor has Plaintiff established that Defendant Pallares

19   knew that sexual abuse was occurring in the Board of Prison Hearings office where there was no

20   video surveillance (<u>see id.</u>).  For these reasons, it will be recommended that Defendant Pallares'

21   motion to dismiss Claim Three be granted in part as it relates to unspecified Defendants.

22                           b.  <u>Failure to Protect Claim With Respect to Defendant Rodriguez</u>

23        In Claim Three of the SAC, Plaintiff incorporates by reference paragraphs 1 through 27.

24   <u>See</u> ECF No. 32 at 7.  In those paragraphs, Plaintiff clearly states that in February and March of

25   2022, Defendant Pallares grabbed her hair and forced her to fellate him after she had refused to

26   do so.  <u>Id.</u> at 5, ¶ 17.  She further states in the SAC that after that incident, she was taken to the

27   Board of Parole Hearing room where Defendant Rodriguez told her that "he knew that she had

28   performed fellatio on Warden Pallares so she could do it for [him] as well and that if she did[,]

1    she would be released from ADSEG." Id. (brackets added) (capitalization in original).

2    　　　Accepting Plaintiff's allegations as true, and resolving all doubts in her favor (see

3    Erickson, 551 U.S. at 93-94; Hebbe, 627 F.3d at 340), if those were the words that Defendant

4    Rodriguez said to Plaintiff – i.e., that he knew that Plaintiff had fellated Defendant Pallares –

5    query how Defendant Rodriguez would know this unless Defendant Pallares had told this either

6    to Defendant Rodriguez directly, or to someone else who then passed on the information.

7    Arguably, spreading information that Plaintiff had allegedly fellated Defendant Pallares increased

8    the likelihood of Plaintiff being forced to fellate other prison officials, which is precisely what

9    Plaintiff states then happened with Defendant Rodriguez after Defendant Pallares had forced her

10   to do so.

11   　　　Defendant Pallares allegedly forcing Plaintiff to perform sex acts on him created a

12   substantial risk that additional similar harm would come to Plaintiff.  This is all that is needed to

13   establish a failure to protect claim.  See Farmer, 511 U.S. at 837 (stating knowledge but disregard

14   of excessive risk of harm to inmate health or safety with culpable state of mind establishes failure

15   to protect claim).  When Defendant Pallares forced Plaintiff to perform sex acts on him, he need

16   not have done so believing that additional harm would actually happen to her.  It was enough that

17   he acted despite his knowledge of a substantial risk of harm and/or serious damage to Plaintiff's

18   future health.  See Farmer, 511 U.S. at 842-43.

19   　　　In sum, construing the motion in favor of the Plaintiff, Defendant Pallares failed to protect

20   Plaintiff when he:  (1) forced Plaintiff to perform oral sex on him in February and March of 2022,

21   and (2) told Defendant Rodriguez that Plaintiff "had the lips of a woman," which in turn, and

22   plausibly,  led to Defendant Rodriguez sexually abusing Plaintiff as well.  For these reasons, the

23   undersigned will recommend that Defendants' motion to dismiss Claim Three will be denied in

24   part with respect to Defendant Pallares as it relates to Defendant Rodriguez

25   　　　　　　　c.  Possible First Amendment Retaliation Claims with Respect to

26   　　　　　　　　　　Defendants Pallares and Rodriguez

27   　　　Additionally, both Defendants are alleged to have threatened Plaintiff with being returned

28   to administrative segregation if she reported the sexual abuse incidents (see ECF No. 32 at 6, ¶

1    18.  These alleged retaliatory threats likely raise a First Amendment retaliation claim against

2    Defendants Pallares and Rodriguez given that it is well-settled that inmates have a constitutional

3    right under it to file grievances.  See Brodheim v. Cry, 548 F.3d 1262, 1269 (9th Cir. 2009).  If

4    Plaintiff is given the opportunity to amend the complaint, Plaintiff may wish to consider including

5    such a claim.

6                    D.  Claim Four:  Failure to Protect Via Supervisorial Liability

7                        1.  Applicable Law

8            Government officials may not be held liable for the actions of their subordinates under a

9    theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

10   Section 1983 suits); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating liability under

11   Section 1983 only arises upon showing of personal participation by defendant).  Generally

12   speaking, a supervisor is liable for his own individual acts or omissions.  Iqbal, 556 U.S. at 677.

13   "A supervisor is only liable for constitutional violations of his subordinates if he participated in or

14   directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880

15   F.2d at 1045 (brackets added).  For example, a supervisor could be liable under Section 1983 if he

16   set in motion a series of act by others . . . which he knew or reasonably should have known,

17   would cause others to inflict the constitutional injury."  Larez v. City of Los Angeles, 946 F.2d

18   630, 646 (9th Cir. 1991); McRorie v. Shimoda, 795 F.2d 780, 783 (1986).

19           In Corales v. Bennett, 567 F.3d 554 (9th Cir. 2009), the Ninth Circuit clearly affirmed this

20   position when twenty years after its decision in Taylor, it stated:

21

22           Supervisory liability is imposed against a supervisory official in his individual
             capacity for his own culpable action or inaction in the training, supervision, or
23           control of his subordinates, for his acquiescence in the constitutional deprivations
             of which the complaint is made, or for conduct that showed a reckless or callous
24           indifference to the rights of others.

25

26   Corales, 567 F.3d at 570 (citations omitted).

27           There can be no liability under Section 1983 unless there is an affirmative link or

28   connection between a defendant's actions and the claimed deprivation. See Monell v. Dep't of

                                                      13

Soc. Servs., 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Liability under Section 1983 cannot be established solely on a theory of respondeat superior based on the unconstitutional conduct of subordinates. [*7]  See Iqbal, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1998). The requisite causal connection can be established when a person (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)). "Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, '[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'" Keates v. Koile, 883 F.3d 1228, 1243 (9th Cir. 2018) (alteration in original) (quoting [*8]  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011)).

2.  <u>Analysis</u>

With respect to Defendant Pallares, Plaintiff alleges that as a supervisor, he is liable under Section 1983 for his failure to protect her and other inmates from pervasive physical and sexual assaults because he permitted unsupervised and unmonitored access to inmates, despite the fact that he knew they were sexually harassing, assaulting, and raping inmates in those locations (ECF No. 32 at 9); he failed to take any precautionary measures to address the known and ongoing problem of sexual abuse and misconduct by correctional officers at CCWF (<u>id.</u>), and he failed to properly train and supervise his subordinates (<u>id.</u> at 10).

The Court finds that Defendant Pallares' assertion that Plaintiff has not presented sufficient facts to reasonably suggest that he was on notice that Defendant Rodriguez or other

1    staff were sexually assaulting inmates, is correct.

2          Here, even assuming for the sake of argument that Defendant Pallares supervised

3    Defendant Rodriguez, Plaintiff's argument points to no specific incidents that occurred which

4    would have made Defendant Pallares aware that Defendant Rodriguez – or any other subordinates

5    that Defendant Pallares supervised – were sexually assaulting her, which in turn would have

6    triggered Defendant Pallares' duty as a supervisor to protect.  <u>See generally</u> ECF No. 32.

7          For these reasons, the undersigned will recommend that Plaintiff's generalized claim that

8    Defendant Pallares is liable via a supervisorial theory of liability for violating her Eighth

9    Amendment right to be protected be dismissed, consistent with Defendant Pallares request.  As a

10   result, Defendant Pallares' qualified immunity argument is not discussed herein.  It will be

11   recommended, however, that Plaintiff be given a final opportunity to amend the complaint.

12         VI.   <u>CONCLUSION</u>

13         Based on the facts before it, the undersigned will recommend that Defendant Pallares'

14   motion to dismiss be granted in part without prejudice and denied in part.  Specifically, it will be

15   recommended:  (1) that Defendant Pallares' request that Plaintiff's Fourteenth Amendment right

16   to bodily integrity claim be dismissed for failure to state a claim (Claim Two) be granted; (2) that

17   Defendant Pallares' request that Plaintiff's Eighth Amendment failure to protect claim (Claim

18   Three) be dismissed be granted in part with respect to it being raised against unspecified

19   Defendants and DOES, and denied in part with respect to it being raised against Defendant

20   Pallares  individually,  and (3) that Defendant Pallares' request that Plaintiff's failure to protect

21   claim under a supervisorial theory of liability (Claim Four) be dismissed be granted.  In addition,

22   because Plaintiff may be able to fix some of the deficiencies in her complaint, in the interests of

23   justice, it will also be recommended that Plaintiff be given a final opportunity to amend it.  <u>See</u>

24   Fed. R. Civ. P. 15(a)(2).

25         Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss

26   (ECF No. 34) be GRANTED IN PART without prejudice and DENIED IN PART as follows:

27         1.   GRANTED IN PART without prejudice with respect to:

28               a.   Plaintiff's Fourteenth Amendment bodily integrity claim (Claim Two) in its

1    entirety;

2         b.  Plaintiff's Eighth Amendment failure to protect claim against unspecified

3    Defendants and DOES (part of Claim Three), and

4         c.  Plaintiff's Eighth Amendment failure to protect claim via the theory of

5    supervisorial liability (Claim Four) in its entirety, and

6    2.  DENIED IN PART with respect to:

7         a.  Plaintiff's Eighth Amendment failure to protect claim (part of Claim Three) with

8    respect to Defendant Pallares and his alleged sexual abuse of Plaintiff, and

9         b.  Plaintiff's Eighth Amendment failure to protect claim (part of Claim Three) with

10   respect to Defendant Pallares as it relates to the actions of Defendant Rodriguez after Defendant

11   Pallares allegedly told Defendant Rodriquez that Plaintiff "had the lips of a woman."

12        IT IS FURTHER RECOMMENDED that in the interests of justice, Plaintiff be given a

13   final opportunity to amend the complaint.  See Fed. R. Civ. P. 15(a)(2).

14        These findings and recommendations are submitted to the United States District Judge

15   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16   after being served with these findings and recommendations, any party may file written

17   objections with the Court.  Such a document should be captioned "Objections to Magistrate

18   Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

19        The Court will not consider exhibits attached to the objections.  To the extent that a party

20   wishes to refer to any exhibit, when possible, the party must reference the exhibit in the record by

21   its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed

22   in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the

23   28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  A party's failure to file

24   objections within the specified time may result in the waiver of certain rights on appeal.  See

25   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th

26   Cir. 1991).

27

28

1

2     IT IS SO ORDERED.

3         Dated:    **April 5, 2025**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28