**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN ROBERTSON, | No.  1:23-cv-0975 JLT GSA (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART |
| v. | |
| STATE OF CALIFORNIA, et al., | (Docs. 34, 48) |
| Defendants. | |

Plaintiff, a state prisoner proceeding with counsel, asserts several claims arising from her alleged abuse at the hands of prison officials.[1]  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Defendant Pallares moves to dismiss the second, third, and fourth claims in the operative Second Amended Complaint (Docs. 32, 34.)

On April 7, 2025, the magistrate judge issued findings and recommendations.  (Doc. 48.) The magistrate judge recommends granting the motion in part with leave to amend.  The Court served the findings and recommendations on the parties and warned that the absence of objections within fourteen days may result in waiver of certain rights.  (*Id.* at 16 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)).)  Plaintiff and Defendant have filed partial

---

[1]  The court follows the parties' and the magistrate judge's convention of referring to Plaintiff with feminine pronouns, given her allegation that she is a transgender woman.  (Doc. 32 ¶ 5.)

1

objections, and Defendant has responded to plaintiff's objections.  (Docs. 49, 50, 51.)  The court has reviewed the matter de novo under 28 U.S.C. § 636(b)(1) and adopts the Findings and Recommendations in part as explained below.

The Court adopts the Findings and Recommendations with respect to claim two.  The Court construes Plaintiff's references to the Equal Protection Clause as a request for leave to amend.  (*See* Doc. 49 at 3 & n.2.)  Claim two is thus dismissed with leave to amend.

The court adopts the Findings and Recommendations in part with respect to claim three.  First, Plaintiff's allegations suffice to permit a plausible inference that Defendant Pallares facilitated Plaintiff's abuse at the hands of Defendant Rodriguez in violation of the Eighth Amendment.  (*See* Doc. 32 ¶¶ 17–18.)  The Court thus agrees with the magistrate judge's recommendation to dismiss claim three with respect to the allegations against Defendant Pallares.  Second, the magistrate judge recommends dismissing claim three with respect to the other Defendants because "Plaintiff provides no clear evidence" to support her claims and has not "established" Defendants Pallares's knowledge of certain facts.  (Doc. 48 at 11.)  At this stage, Plaintiff has no obligation to cite evidence or establish facts, but rather only to offer factual allegations.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court thus declines to adopt this portion of the Findings and Recommendations.  The Court does find, however, that the Second Amended Complaint lacks factual allegations supporting a claim based on the actions of the other Defendants.  Plaintiff offers very little or no factual allegations about the abuse she suffered at the hands of any others, such as where that abuse occurred, when, or who was involved.  Claim three is thus dismissed in part with respect to the claims against the other Defendants, again with leave to amend.

The court adopts the Findings and Recommendations with respect to claim four.  Claim four is dismissed with leave to amend. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued April 7, 2025 (Doc. 48), are **ADOPTED IN PART** as specified above;

2. Defendants' motion to dismiss (Doc. 34) is **GRANTED IN PART** with leave to amend:

a.    Claim two is dismissed with leave to amend.

b.    Claim three is dismissed with leave to amend with respect to Plaintiff's allegations against Defendants other than Pallares.  The motion to dismiss claim three is otherwise denied.

c.    Claim four is dismissed with leave to amend.

3.    Any Third Amended Complaint must be filed within thirty days of the date this order is filed.  The Court does not anticipate permitting any further amendments.

IT IS SO ORDERED.

Dated:    **January 12, 2026**

UNITED STATES DISTRICT JUDGE

3